UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BENJAMIN LIGERI, Plaintiff, | ) | |
| v. | ) | C.A. No. 07-10862-DPW |
| STATE OF RHODE ISLAND, et al., Defendants. | ) | |

MEMORANDUM AND ORDER

For the reasons set forth below: (1) plaintiff's fee-waiver application will be granted; (2) this action will be transferred to the United States District Court for the District of Rhode Island; (3) the Cranston defendants' motion to dismiss is denied as moot; and (4) plaintiff's motion for exigent interim order is reserved for the transferee court.

BACKGROUND

Plaintiff Benjamin Ligeri, a resident of Rehoboth, Massachusetts, brings this civil rights action against the State of Rhode Island as well as the Cranston Police Department and two police officers for the City of Cranston ("the Cranston defendants"). See Complaint ("Compl."). Plaintiff complains that on two separate occasions during the past two years, Cranston police officers used excessive force against him. Id. at ¶¶ 9-12. He complains that a speeding ticket was issued because he asserted his constitutional rights. Id. at ¶ 12. He further contends that he was arrested without probable cause. Id. at ¶ 7.

Finally, he complains that he is unable to obtain a

Massachusetts drivers license until he pays the speeding ticket that he has allegedly been unable to effectively challenge in Rhode Island. Id. ¶¶ 16(b) - 16(e). In addition to monetary relief, the complaint seeks to have this court (1) order the reinstatement of plaintiff's "right to operate a motor vehicle" and (2) enjoin any further unlawful activities by the defendants. Id. (Prayer for Relief). With the complaint, plaintiff filed his "motion for exigent interim order" seeking to have this court order the reinstatement of plaintiff's Rhode Island driver's license. See Motion, Docket No. 3. In his Motion for Exigent Interim Order, plaintiff seeks to have this Court enter an order directing the State of Rhode Island to reinstate plaintiff's driver's license. See Motion, Docket No. 3. According to plaintiff's allegations in his complaint, he "exhausted a great deal of effort and attempted numerous times to pay the unlawful debt [in order to secure his license]," but has found the task impractical because of alleged bureaucratic inefficiency and fraud. See Compl., ¶ 16(d). He asserts that on April 30, 2007, after waiting on a preliminary line, he left after thirty minutes complaining this was a "flawed, discriminatory, and unconstitutional system of license reinstatement and fine and time extortion run by the State of Rhode Island." Id. at ¶ 16(e).

On May 23, 2007, the Cranston defendants filed a Motion to

Dismiss for Lack of Jurisdiction and/or Improper Venue with a supporting Memorandum. See Docket Nos. 5, 6. To date, plaintiff has not yet filed an opposition however, I note that the time for filing an opposition has not yet passed.

DISCUSSION

As an initial matter, plaintiff's fee-waiver application indicates that he is "semi-self-employed," earning a few hundred dollars or so each month. He has no other sources of income and owns an automobile valued at $400. He states that he has only $19.00 in cash or checking or savings account. On this financial record, the Court will allow his Application to Proceed Without Prepayment of Fees.

After reviewing plaintiff's complaint and the Cranston defendants' Motion to Dismiss, I conclude that venue for this action does not lie within the District of Massachusetts. When jurisdiction is not founded solely on diversity, venue is proper in (1) a district where any defendant resides, if all defendants reside in the same state; (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or

division in which it could have been brought." 28 U.S.C. § 1406(a). It is "well settled that a court may transfer a case sua sponte pursuant to 28 U.S.C. §§ 1404(a) ...)," U.S. ex rel. Ondis v. City of Woonsocket, Rhode Island, – F. Supp. 2d –, No. 05-10312-MLW, 2007 WL 949716, at *1 (D. Mass. Mar. 28, 2007) citing Desmond v. Nynex Corp., 1994 WL 577479, at *3 (1st Cir. Oct. 20, 1994) (unpublished); see also Caldwell v. Palmetto State Savings Bank of South Carolina, 811 F.2d 916 (5th Cir. 1987) (same), cited with approval in Desmond v. Nynex Corp., 1994 WL 577479, at *3.

Here, subsections (1) and (3) of 28 U.S.C. § 1391(b) do not establish venue in the District of Massachusetts because the Rhode Island defendants do not reside in Massachusetts. Likewise, subsection (2) does not provide for venue within this district because none of the "events or omissions giving rise to the claim" occurred in the District of Massachusetts. Instead, the alleged "events or omissions giving rise to the [plaintiff's] claim" occurred in Cranston, Rhode Island, which is within the venue of the District of Rhode Island. 28 U.S.C. § 120.

Rather than dismiss the instant action, in the interest of justice this action will be transferred to the United States District Court for the District of Rhode Island. Finally, I note that plaintiff's complaint remains subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2). However, because

venue is improper in this district, such screening may be performed by the transferee court.

ORDER

ACCORDINGLY, for the reasons stated above, it is hereby

ORDERED

(1) plaintiff's Application to Proceed Without Prepayment of Fees (Docket No. 2) is granted;

(2) this action is hereby TRANSFERRED to the United States District Court for the District of Rhode Island;

(3) the Cranston defendants' Motion to Dismiss (Docket No. 5) is denied as moot; and

(4) plaintiff's Motion for Exigent Interim Order (Docket No. 3) is reserved for the transferee court.

SO ORDERED.

May 30, 2007
DATE

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE