UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENJAMIN LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND,<br>CRANSTON POLICE DEPARTMENT,<br>CRANSTON POLICE OFFICER #419 and<br>CRANSTON POLICE OFFICER #432,<br><br>Defendants. | No. 07 CA 10862 DPW |

CRANSTON DEFENDANTS' MOTION TO DISMISS

Defendants "Cranston Police Department," "Cranston Police Officer #419" and "Cranston Police Officer #432" hereby move, pursuant to Rule 12(b)(1) and 12(b)(3), Fed. R. Civ. Proc. that this matter be dismissed for lack of personal jurisdiction over the named defendants and/or improper venue.

In support of this Motion, the Court is respectfully referred to the Memorandum in Support of Cranston Defendants' Motion to Dismiss, filed together with this Motion.

Respectfully submitted,
Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432,
by their attorney,

Date: May 23, 2007

/s/Jeffrey S. Michaelson

Jeffrey S. Michaelson (BBO# 547541)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

Service by U.S. mail on:
Benjamin Ligeri
39Wheaton Ave.
Rehoboth, MA 02769

/s/ Jeffrey S. Michaelson

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BENJAMIN LIGERI,

Plaintiff,

v.

STATE OF RHODE ISLAND,
CRANSTON POLICE DEPARTMENT,
CRANSTON POLICE OFFICER #419 and
CRANSTON POLICE OFFICER #432,

Defendants.

No. 07 CA 10862 DPW

MEMORANDUM IN SUPPORT OF
CRANSTON DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This matter was commenced by plaintiff Benjamin Ligeri with the filing of a Complaint on or about May 3, 2007. The Complaint purports to set forth "a Civil Rights action, complaint for damages, and complaint for specific performance." *See* Complaint, Caption.

### A. Parties.

Plaintiff is Benjamin Ligeri, a resident of Rehoboth, Massachusetts (Complaint, Par. 1).

Defendants are the State of Rhode Island, Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432.[1] Cranston is a city within the State of Rhode Island. *See, e.g.*, Complaint, Par. 8. The Cranston Police Department is a department within the city of Cranston. The two Cranston police officer defendants are described as employees of the Cranston police department. Complaint, Par. 3, 4.

[1] The Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432 are collectively referred to as the "Cranston Defendants."

B. Claims.

Plaintiff alleges that the two Cranston police officers, generally, violated Plaintiff's constitutional rights, "including, but not limited to, Plaintiffs' First and Fourteenth Amendment Rights to free speech, to assemble peaceably and travel freely; Plaintiff's Fourth and Fourteenth Amendment Rights to be free from all and lawful search and seizure; and Plaintiff's Fifth and Fourteenth Amendment rights to due process of law." Complaint, Par. 5.

More specifically, Plaintiff alleges that defendants assaulted him (Complaint, Par. 6) and "unlawfully detained and arrested" him (Complaint, Par. 7). The specific incidents which underlie these general allegations relate to two traffic stops, "both which [sic] occurred on Park Ave. in Cranston, RI". Complaint, Par. 8 (emphasis original). The specific allegations concerning these two stops are described in paragraphs 10 through 12 of the Complaint. One is alleged to have happened "approximately one and a half years ago." Complaint, Par. 10. The second incident is alleged to have occurred "approximately six months later." Complaint, Par. 12.

The Complaint alleges that both of these stops constituted unlawful detention, unlawful search and included assaults upon Plaintiff's person. Complaint, Par. 9.

The Complaint contains, as well, a lengthy set of allegations concerning Plaintiff's alleged loss of license as a result of his failure to pay a fine resulting from a traffic ticket which was allegedly issued in one of the two traffic stops. Complaint, Par. 16(a)-(e). The allegations largely relate to Plaintiff's inability to navigate the steps allegedly required to reinstate his license. *Id.* It appears that this difficulty forms the basis for Plaintiffs' claims against the "State of Rhode Island."[2]

---

[2] The Complaint contains, in addition, numerous allegations concerning the emotional stability of certain police officers (Complaint, Par. 11, 12, 14), the use of "*gestapo*" tactics in Cranston (Complaint, Par. 15) and an assertion that Cranston residents, generally, live in "constant fear" as a result of these tactics and "effectual Martial Law." Complaint, Par. 15. These extravagant and unsupported claims, respectfully, appear well-suited to being stricken

With respect to the Cranston Defendants, it appears that plaintiff seeks an award of $25,000 in damages and a punitive damage award in the amount of $200,000. Complaint, Prayer for Relief.

## II. ARGUMENT

The Complaint in this matter should be dismissed pursuant to Rule 12(b)(2), Fed. R. Civ. Proc., because this Court lacks personal jurisdiction over the Cranston Defendants with respect to the claims set forth in the Complaint. Alternatively, and in addition, the Complaint should be dismissed for lack of venue pursuant to 28 U.S.C. 1391.

### A. There Is No *In Personam* Jurisdiction over the Cranston Defendants.

Plaintiff bears the burden of establishing the Court's personal jurisdiction over defendants. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). This obligation cannot be met simply by relying on the pleadings. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984).

Where the allegations of the Complaint, on their face, do not support personal jurisdiction over the defendants, then the claims against those defendants may be dismissed without further proceedings. The *prima facie* approach is illuminated in *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671 (1st Cir. 1992): under this approach, the Court considers "only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." A plaintiff, to avoid dismissal, must "make [a] showing as to every fact required to satisfy 'both the forum's long-arm statute and the due process clause of the Constitution.'" *Boit*, 967 F.2d at 675, *quoting U.S.S. Yachts, Inc. V. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir. 1990)(other citations omitted). In meeting this burden, the Plaintiff must allege specific facts, in the record, which support

---

pursuant to Rule 12(f) and, furthermore, even granting Plaintiff, who is *pro se*, substantial latitude, there is substantial doubt that these allegations comport with the requirements of Rule 11, Fed. R. Civ. Proc.

the asserted jurisdiction. *Id.*

In this case, not only do the allegations of the Complaint, on their face, fail to satisfy the requirement of Rule 8(a), Fed. R. Civ. Proc., that a Complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends," the allegations actually demonstrate that the Court *lacks* personal jurisdiction over the Cranston Defendants. In short, regardless of the legal merits, or lack thereof, of the claims, Plaintiff has sued in the wrong court.

In order for a non-resident defendant to be subject to this Court's jurisdiction, such a defendant must have sufficient contacts with the Commonwealth as will meet the requirements of the Massachusetts long-arm statute and, in additino, not run afoul of the limits set by the Fourteenth Amendment. *Lavallee v. Parrot-Ice Drink Products of America*, 193 F.Supp.2d 296, 299-300 (D. Mass., 2002), *citing Good Hope Indus., Inc. v. Ryder Scott, Co.*, 378 Mass. 1, 5-6, 389 N.E.2d 76 (1979); *Nowak v. Tak How Inv., Ltd.*, 94 F.3d 708, 712 (1st Cir.1996).

1. <u>The Massachusetts Long-Arm Statute.</u>

The Massachusetts long-arm statute, M.G.L. c. 223A, § 3, provides that a Massachusetts Court may exercise personal jurisdiction over a foreign person or entity as follows:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (a) transacting any business in this commonwealth;
>
> (b) contracting to supply services or things in this commonwealth;
>
> (c) causing tortious injury by an act or omission in this commonwealth;
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>
> (e) having an interest in, using or possessing real property in this commonwealth;

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;

(g) maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or

(h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

The long-arm statute is to be construed broadly so as to effectuate the Commonwealth's appropriate desire to protect its citizens. *See Noonan v. The Winston Company*, 135 F.3d 85, 92 (1st Cir.1998).

Accepting the allegations of the Complaint for purposes of this Motion, there is not a single allegation which supports application of the Massachusetts long-arm statute to the Cranston Defendants. The Complaint is based on two alleged traffic stops, by Cranston Police Officers, in Cranston, R.I.

Respectfully, given the allegations of the Complaint, there is no personal jurisdiction over the Cranston Defendants under the Massachusetts long-arm statute.

2. <u>Constitutional Limitations.</u>

Separate and apart from the question of whether a non-resident defendant is covered by a long-arm statute, any exercise of jurisdiction over a person is limited by constitutional principles. It is Plaintiff's burden to show sufficient minimum contacts that "the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution." *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir.1994). In the overall sense, the measure of whether personal jurisdiction is appropriate is whether

such exercise would "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

a. Plaintiff's Allegations Support Neither General Nor Specific Jurisdiction.

Constitutionally sound jurisdiction takes two forms: general or specific jurisdiction. General jurisdiction exists when, even if the litigation is not directly founded on the defendant's contacts within the jurisdiction, the defendant has engaged in a systematic activity, unrelated to the suit, in the forum state. *United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir.1992). Where general jurisdiction exists, claims for which there is otherwise subject matter jurisdiction, appropriate diversity (if applicable) and proper venue may be brought in the forum.

Absent general jurisdiction, specific jurisdiction over a defendant exists if "there a demonstrable nexus between a plaintiff's claims and a defendants's forum based activities..." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir.1998).

In this case, there are no allegations which support *either* brand of personal jurisdiction: plaintiff asserts neither a general presence nor a claim-specific presence in the Commonwealth on the part of the Cranston Defendants.

More specifically, in analyzing whether an exercise of personal jurisdiction is constitutionally sound, Court's consider three components: relatedness, purposeful availment/"minimum contacts" and reasonableness. *Id.* at 35.

i. Relatedness

Relatedness depends upon the nexus between the Plaintiff's claims and the defendant's activities in the forum. *Pleasant St.*, 960 F.2d at 1089. In order to be considered "related," in this context, the action complained of must "directly arise out of the specific contacts between the

defendant and the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir.1995). [3]

Here, there is no nexus whatsoever between the Plaintiff's claims and any actions by the Cranston Defendants within the Commonwealth.

ii. Purposeful Availment

Analysis of whether a Defendant purposely avails itself of the forum focuses on two primary matters: voluntariness and foreseeability, all towards a determination of whether a defendant's contacts with the forum establish "purposeful availment" of benefits conferred by, in this case, the Commonwealth. *See, Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Consideration of voluntariness protects a defendant from being charged with contacts which are based on the actions of another party or a third person. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The requirement of foreseeability protects against jurisdiction unless "the defendant's contacts with the forum state be such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. 580).

The Complaint in this matter fails to set forth any facts which support a conclusion that any of the Cranston Defendants purposely availed themselves, voluntarily or not, of the benefits of the Commonwealth of Massachusetts or did anything that would make it foreseeable that they would be haled into the United States District Court for the District of Massachusetts.

iii. Reasonableness

Finally, assuming that personal jurisdiction is otherwise established, in order to pass

---

[3] In some cases, relatively fine points are analyzed regarding this 'directly arising' test in terms of whether a 'proximate cause' analysis or a 'but for' analysis applies (e.g. *Nowak v. Tak How Inv., Ltd.*, 899 F.Supp. 25, 30 (D.Mass.1995); *Nowak*, 94 F.3d at 715-16) Respectfully, in this case, the Cranston Defendants do not believe that such a fine scalpel is necessary to dissect Plaintiff's Complaint.

constitutional muster, such personal jurisdiction must be, constitutionally speaking, "reasonable."

The Supreme Court has set forth five so-called "gestalt factors" that are considered in making a determination of whether the exercise of personal jurisdiction over a defendant is reasonable: (i) the burden on defendant of appearing, (ii) the forum state's interest in adjudicating the dispute, (iii) the plaintiff's interest in obtaining convenient and effective relief, (iv) the judicial system's interest in obtaining the most effective resolution of the controversy, and (v) the common interests of all sovereigns in promoting substantive social policies. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Respectfully, aside from Plaintiff's convenience (perhaps),[4] these factors all line up squarely against the exercise of personal jurisdiction over the Cranston Defendants in this case: The burden of making the Cranston Defendants appear in Massachusetts would be substantial; Massachusetts seems to have no particular interest in this dispute; the judicial system does not seem aided in any degree by having this matter proceed in Massachusetts; and it seems that most, if not all, sovereigns would have a keen interest in not being subjected to personal jurisdiction based on the residence of Plaintiffs and not upon the location of an alleged occurrence or other accepted bases of jurisdiction.

3. Conclusion As To Personal Jurisdiction.

For the foregoing reasons, the Cranston Defendants respectfully submit that, on its face, the Complaint establishes beyond dispute that this Court lacks personal jurisdiction over those defendants.[5]

---

[4] Even as to this point, Rehoboth (where Plaintiff resides), is substantially more convenient to the District of Rhode Island (located in Providence) than the District of Massachusetts (located in Boston).

[5] There appear to be few factually similar cases, presumably because it would not be expected to be usual to sue a City or Police Department in a different state's federal court, but the Cranston Defendants have identified one case with similarities: *Rose v. Granite City Police*

B. Venue is Improper in the District of Massachusetts.

Even were the Court to conclude that it has personal jurisdiction over the Cranston Defendants, venue is improper in this Court and, as such, the Complaint may be dismissed on that basis as well.

28 U.S.C. Sec. 1391 provides that venue is proper as follows:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Under the statute, without putting too fine a point on it, the Cranston Defendants respectfully submit that, taking the allegations of the Complaint at face value for purposes of this Motion, venue is improper in the District of Massachusetts. Whether based upon diversity or not, the Cranston Defendants do not reside in the Commonwealth, none of the actions which they allegedly undertook occurred in the Commonwealth and there is certainly another district which could consider Plaintiff's claims without their being challenged based upon lack of proper venue.

---

*Deparment and City of Granite City, Ill.*, 813 F.Supp. 319 (E.D. Pa. 1993). In *Rose*, Plaintiff sued an Illinois Police Department and city in the federal court in Pennsylvania. The action was a diversity action resulting from the allegation, in essence, that the Granite City authorities did not safeguard Plaintiff's property while it was in their control. The *Rose* court held that the federal court in Pennsylvania did not have personal jurisdiction over the Granite City defendants, following much the same analysis as the Cranston Defendants urge here.

Under these circumstances, where Plaintiff is suing Rhode Island defendants based upon events that allegedly occurred in Rhode Island, the Cranston Defendants respectfully submit that, even if there were jurisdiction over them in this honorable Court, venue is improper and, for that reason, the Complaint should be dismissed.

III. CONCLUSION

For the foregoing reasons, the Cranston Defendants respectfully pray that the Complaint in this matter be dismissed.

Respectfully submitted,
Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432,
by their attorney,

Date: May 23, 2007

/s/Jeffrey S. Michaelson

Jeffrey S. Michaelson (BBO# 547541)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

Service by U.S. mail on:
Benjamin Ligeri
39Wheaton Ave.
Rehoboth, MA 02769

/s/ Jeffrey S. Michaelson

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENJAMIN LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND,<br>CRANSTON POLICE DEPARTMENT,<br>CRANSTON POLICE OFFICER #419 and<br>CRANSTON POLICE OFFICER #432,<br><br>Defendants. | No. 07 CA 10862 DPW |

MEMORANDUM IN SUPPORT OF
CRANSTON DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This matter was commenced by plaintiff Benjamin Ligeri with the filing of a Complaint on or about May 3, 2007. The Complaint purports to set forth "a Civil Rights action, complaint for damages, and complaint for specific performance." *See* Complaint, Caption.

### A. Parties.

Plaintiff is Benjamin Ligeri, a resident of Rehoboth, Massachusetts (Complaint, Par. 1).

Defendants are the State of Rhode Island, Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432.[1] Cranston is a city within the State of Rhode Island. *See, e.g.*, Complaint, Par. 8. The Cranston Police Department is a department within the city of Cranston. The two Cranston police officer defendants are described as employees of the Cranston police department. Complaint, Par. 3, 4.

[1] The Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432 are collectively referred to as the "Cranston Defendants."

B. Claims.

Plaintiff alleges that the two Cranston police officers, generally, violated Plaintiff's constitutional rights, "including, but not limited to, Plaintiffs' First and Fourteenth Amendment Rights to free speech, to assemble peaceably and travel freely; Plaintiff's Fourth and Fourteenth Amendment Rights to be free from all and lawful search and seizure; and Plaintiff's Fifth and Fourteenth Amendment rights to due process of law." Complaint, Par. 5.

More specifically, Plaintiff alleges that defendants assaulted him (Complaint, Par. 6) and "unlawfully detained and arrested" him (Complaint, Par. 7). The specific incidents which underlie these general allegations relate to two traffic stops, "both which [sic] occurred on Park Ave. in Cranston, RI". Complaint, Par. 8 (emphasis original). The specific allegations concerning these two stops are described in paragraphs 10 through 12 of the Complaint. One is alleged to have happened "approximately one and a half years ago." Complaint, Par. 10. The second incident is alleged to have occurred "approximately six months later." Complaint, Par. 12.

The Complaint alleges that both of these stops constituted unlawful detention, unlawful search and included assaults upon Plaintiff's person. Complaint, Par. 9.

The Complaint contains, as well, a lengthy set of allegations concerning Plaintiff's alleged loss of license as a result of his failure to pay a fine resulting from a traffic ticket which was allegedly issued in one of the two traffic stops. Complaint, Par. 16(a)-(e). The allegations largely relate to Plaintiff's inability to navigate the steps allegedly required to reinstate his license. *Id.* It appears that this difficulty forms the basis for Plaintiffs' claims against the "State of Rhode Island."[2]

---

[2] The Complaint contains, in addition, numerous allegations concerning the emotional stability of certain police officers (Complaint, Par. 11, 12, 14), the use of "*gestapo*" tactics in Cranston (Complaint, Par. 15) and an assertion that Cranston residents, generally, live in "constant fear" as a result of these tactics and "effectual Martial Law." Complaint, Par. 15. These extravagant and unsupported claims, respectfully, appear well-suited to being stricken

With respect to the Cranston Defendants, it appears that plaintiff seeks an award of $25,000 in damages and a punitive damage award in the amount of $200,000. Complaint, Prayer for Relief.

## II. ARGUMENT

The Complaint in this matter should be dismissed pursuant to Rule 12(b)(2), Fed. R. Civ. Proc., because this Court lacks personal jurisdiction over the Cranston Defendants with respect to the claims set forth in the Complaint. Alternatively, and in addition, the Complaint should be dismissed for lack of venue pursuant to 28 U.S.C. 1391.

### A. <u>There Is No *In Personam* Jurisdiction over the Cranston Defendants.</u>

Plaintiff bears the burden of establishing the Court's personal jurisdiction over defendants. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). This obligation cannot be met simply by relying on the pleadings. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984).

Where the allegations of the Complaint, on their face, do not support personal jurisdiction over the defendants, then the claims against those defendants may be dismissed without further proceedings. The *prima facie* approach is illuminated in *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671 (1st Cir. 1992): under this approach, the Court considers "only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." A plaintiff, to avoid dismissal, must "make [a] showing as to every fact required to satisfy 'both the forum's long-arm statute and the due process clause of the Constitution.'" *Boit*, 967 F.2d at 675, *quoting U.S.S. Yachts, Inc. V. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir. 1990)(other citations omitted). In meeting this burden, the Plaintiff must allege specific facts, in the record, which support

---

pursuant to Rule 12(f) and, furthermore, even granting Plaintiff, who is *pro se*, substantial latitude, there is substantial doubt that these allegations comport with the requirements of Rule 11, Fed. R. Civ. Proc.

the asserted jurisdiction. *Id.*

In this case, not only do the allegations of the Complaint, on their face, fail to satisfy the requirement of Rule 8(a), Fed. R. Civ. Proc., that a Complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends," the allegations actually demonstrate that the Court *lacks* personal jurisdiction over the Cranston Defendants. In short, regardless of the legal merits, or lack thereof, of the claims, Plaintiff has sued in the wrong court.

In order for a non-resident defendant to be subject to this Court's jurisdiction, such a defendant must have sufficient contacts with the Commonwealth as will meet the requirements of the Massachusetts long-arm statute and, in additino, not run afoul of the limits set by the Fourteenth Amendment. *Lavallee v. Parrot-Ice Drink Products of America*, 193 F.Supp.2d 296, 299-300 (D. Mass., 2002), *citing Good Hope Indus., Inc. v. Ryder Scott, Co.*, 378 Mass. 1, 5-6, 389 N.E.2d 76 (1979); *Nowak v. Tak How Inv., Ltd.*, 94 F.3d 708, 712 (1st Cir.1996).

1. The Massachusetts Long-Arm Statute.

The Massachusetts long-arm statute, M.G.L. c. 223A, § 3, provides that a Massachusetts Court may exercise personal jurisdiction over a foreign person or entity as follows:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (a) transacting any business in this commonwealth;
>
> (b) contracting to supply services or things in this commonwealth;
>
> (c) causing tortious injury by an act or omission in this commonwealth;
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>
> (e) having an interest in, using or possessing real property in this commonwealth;

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;

(g) maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or

(h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

The long-arm statute is to be construed broadly so as to effectuate the Commonwealth's appropriate desire to protect its citizens. *See Noonan v. The Winston Company*, 135 F.3d 85, 92 (1st Cir.1998).

Accepting the allegations of the Complaint for purposes of this Motion, there is not a single allegation which supports application of the Massachusetts long-arm statute to the Cranston Defendants. The Complaint is based on two alleged traffic stops, by Cranston Police Officers, in Cranston, R.I.

Respectfully, given the allegations of the Complaint, there is no personal jurisdiction over the Cranston Defendants under the Massachusetts long-arm statute.

2. <u>Constitutional Limitations.</u>

Separate and apart from the question of whether a non-resident defendant is covered by a long-arm statute, any exercise of jurisdiction over a person is limited by constitutional principles. It is Plaintiff's burden to show sufficient minimum contacts that "the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution." *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir.1994). In the overall sense, the measure of whether personal jurisdiction is appropriate is whether

such exercise would "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

a. <u>Plaintiff's Allegations Support Neither General Nor Specific Jurisdiction.</u>

Constitutionally sound jurisdiction takes two forms: general or specific jurisdiction. General jurisdiction exists when, even if the litigation is not directly founded on the defendant's contacts within the jurisdiction, the defendant has engaged in a systematic activity, unrelated to the suit, in the forum state. *United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir.1992). Where general jurisdiction exists, claims for which there is otherwise subject matter jurisdiction, appropriate diversity (if applicable) and proper venue may be brought in the forum.

Absent general jurisdiction, specific jurisdiction over a defendant exists if "there a demonstrable nexus between a plaintiffs claims and a defendants's forum based activities..." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir.1998).

In this case, there are no allegations which support *either* brand of personal jurisdiction: plaintiff asserts neither a general presence nor a claim-specific presence in the Commonwealth on the part of the Cranston Defendants.

More specifically, in analyzing whether an exercise of personal jurisdiction is constitutionally sound, Court's consider three components: relatedness, purposeful availment/"minimum contacts" and reasonableness. *Id.* at 35.

i. <u>Relatedness</u>

Relatedness depends upon the nexus between the Plaintiff's claims and the defendant's activities in the forum. *Pleasant St.*, 960 F.2d at 1089. In order to be considered "related," in this context, the action complained of must "directly arise out of the specific contacts between the

defendant and the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir.1995). [3]

Here, there is no nexus whatsoever between the Plaintiff's claims and any actions by the Cranston Defendants within the Commonwealth.

ii. Purposeful Availment

Analysis of whether a Defendant purposely avails itself of the forum focuses on two primary matters: voluntariness and foreseeability, all towards a determination of whether a defendant's contacts with the forum establish "purposeful availment" of benefits conferred by, in this case, the Commonwealth. *See, Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Consideration of voluntariness protects a defendant from being charged with contacts which are based on the actions of another party or a third person. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The requirement of foreseeability protects against jurisdiction unless "the defendant's contacts with the forum state be such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. 580).

The Complaint in this matter fails to set forth any facts which support a conclusion that any of the Cranston Defendants purposely availed themselves, voluntarily or not, of the benefits of the Commonwealth of Massachusetts or did anything that would make it foreseeable that they would be haled into the United States District Court for the District of Massachusetts.

iii. Reasonableness

Finally, assuming that personal jurisdiction is otherwise established, in order to pass

---

[3] In some cases, relatively fine points are analyzed regarding this 'directly arising' test in terms of whether a 'proximate cause' analysis or a 'but for' analysis applies (e.g. *Nowak v. Tak How Inv., Ltd.*, 899 F.Supp. 25, 30 (D.Mass.1995); *Nowak*, 94 F.3d at 715-16) Respectfully, in this case, the Cranston Defendants do not believe that such a fine scalpel is necessary to dissect Plaintiff's Complaint.

constitutional muster, such personal jurisdiction must be, constitutionally speaking, "reasonable."

The Supreme Court has set forth five so-called "gestalt factors" that are considered in making a determination of whether the exercise of personal jurisdiction over a defendant is reasonable: (i) the burden on defendant of appearing, (ii) the forum state's interest in adjudicating the dispute, (iii) the plaintiff's interest in obtaining convenient and effective relief, (iv) the judicial system's interest in obtaining the most effective resolution of the controversy, and (v) the common interests of all sovereigns in promoting substantive social policies. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Respectfully, aside from Plaintiff's convenience (perhaps),[4] these factors all line up squarely against the exercise of personal jurisdiction over the Cranston Defendants in this case: The burden of making the Cranston Defendants appear in Massachusetts would be substantial; Massachusetts seems to have no particular interest in this dispute; the judicial system does not seem aided in any degree by having this matter proceed in Massachusetts; and it seems that most, if not all, sovereigns would have a keen interest in not being subjected to personal jurisdiction based on the residence of Plaintiffs and not upon the location of an alleged occurrence or other accepted bases of jurisdiction.

3. Conclusion As To Personal Jurisdiction.

For the foregoing reasons, the Cranston Defendants respectfully submit that, on its face, the Complaint establishes beyond dispute that this Court lacks personal jurisdiction over those defendants.[5]

---

[4] Even as to this point, Rehoboth (where Plaintiff resides), is substantially more convenient to the District of Rhode Island (located in Providence) than the District of Massachusetts (located in Boston).

[5] There appear to be few factually similar cases, presumably because it would not be expected to be usual to sue a City or Police Department in a different state's federal court, but the Cranston Defendants have identified one case with similarities: *Rose v. Granite City Police*

B. Venue is Improper in the District of Massachusetts.

Even were the Court to conclude that it has personal jurisdiction over the Cranston Defendants, venue is improper in this Court and, as such, the Complaint may be dismissed on that basis as well.

28 U.S.C. Sec. 1391 provides that venue is proper as follows:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Under the statute, without putting too fine a point on it, the Cranston Defendants respectfully submit that, taking the allegations of the Complaint at face value for purposes of this Motion, venue is improper in the District of Massachusetts. Whether based upon diversity or not, the Cranston Defendants do not reside in the Commonwealth, none of the actions which they allegedly undertook occurred in the Commonwealth and there is certainly another district which could consider Plaintiff's claims without their being challenged based upon lack of proper venue.

---

*Deparment and City of Granite City, Ill.*, 813 F.Supp. 319 (E.D. Pa. 1993). In *Rose*, Plaintiff sued an Illinois Police Department and city in the federal court in Pennsylvania. The action was a diversity action resulting from the allegation, in essence, that the Granite City authorities did not safeguard Plaintiff's property while it was in their control. The *Rose* court held that the federal court in Pennsylvania did not have personal jurisdiction over the Granite City defendants, following much the same analysis as the Cranston Defendants urge here.

Under these circumstances, where Plaintiff is suing Rhode Island defendants based upon events that allegedly occurred in Rhode Island, the Cranston Defendants respectfully submit that, even if there were jurisdiction over them in this honorable Court, venue is improper and, for that reason, the Complaint should be dismissed.

## III. CONCLUSION

For the foregoing reasons, the Cranston Defendants respectfully pray that the Complaint in this matter be dismissed.

Respectfully submitted,
Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432,
by their attorney,

Date: May 23, 2007

/s/Jeffrey S. Michaelson
Jeffrey S. Michaelson (BBO# 547541)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

Service by U.S. mail on:
Benjamin Ligeri
39Wheaton Ave.
Rehoboth, MA 02769

/s/ Jeffrey S. Michaelson