UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BENJAMIN LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND,<br>CRANSTON POLICE DEPARTMENT,<br>CRANSTON POLICE OFFICER #419 and<br>CRANSTON POLICE OFFICER #432,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:07-CV-00207-ML-LDA |

RESPONSE TO PLAINTIFF'S MOTION FOR EXIGENT INTERIM ORDER

Now come Defendants Cranston Police Department, "Cranston Police Officer #419" and "Cranston Police Officer #432," (collectively referred to as the "Cranston Defendants"), and respond to Plaintiff's Motion for Exigent Interim Order as follows:

1. The relief sought in Plaintiff's Motion is the "reinstatement" of Plaintiff's drivers license.

2. Based upon the allegations of the Complaint, Plaintiff appears to be the holder of a drivers license from the State of Washington, and sought to change his license from the State of Washington to the Commonwealth of Massachusetts. Complaint Par. 16(c). Plaintiff further states that it is the "Massachusetts Dep't of Motor Vehicle [Sic]" which will not issue him a license. *Id*. Finally, it appears that the Commonwealth of Massachusetts' position is based upon an unpaid ticket which Plaintiff alleges was issued by the Cranston Police Department. It appears that Plaintiff is required to pay a fine to the State of Rhode Island on the ticket which he alleges the Cranston Police Department issued. Complaint, Par's. 16(c) & 16(d). It also does not appear that the ticket was contested.

3. The Complaint, at Paragraph 17, indicates that Plaintiff's Motion for Exigent Interim Order

seeks "to reinstate Plaintiff's right to operate a motor vehicle in the State of Rhode Island until a final verdict can be reached on this case...."

4. Respectfully, none of the Cranston Defendants have the power or authority to "reinstate" Plaintiff's drivers license and, unless the undersigned has misunderstood the nature and the basis of Plaintiff's Motion for Exigent Interim Order, it appears that the Cranston Defendants have no interest in the Motion.

5. Accordingly, inasmuch as Plaintiff's Motion for Exigent Interim Order appears to be directed towards parties other than the Cranston Defendants and/or to seek relief beyond the power of the Cranston Defendants to provide, in any event, the Cranston Defendants take no position on the Plaintiff's Motion for Exigent Interim Order.[1]

6. Based upon the foregoing, the Cranston Defendants believe that no Memorandum of Law is required with this Response. However, if the Court wishes additional response, the Cranston Defendants will provide such additional response as the Court may request.

Respectfully submitted,
Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432,
by their attorney,

Date: June 19, 2007

/s/Jeffrey S. Michaelson

Jeffrey S. Michaelson (# 3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

[1]The Cranston Defendants have until July 30, 2007 to respond to the substantive allegations of the Complaint. However, in taking no position on the Plaintiff's Motion for Exigent Interim Order, the Cranston Defendants do not admit any allegation in the Complaint to the extent that Plaintiff purports to incorporate such allegations into this Motion.

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

Service by U.S. mail on:
Benjamin Ligeri
39Wheaton Ave.
Rehoboth, MA 02769

/s/ Jeffrey S. Michaelson