UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BENJAMIN LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND,<br>CRANSTON POLICE DEPARTMENT,<br>CRANSTON POLICE OFFICER #419 and<br>CRANSTON POLICE OFFICER #432,<br><br>Defendants. | ) | C.A. No. 1:07-CV-00207-ML-LDA |

MEMORANDUM IN SUPPORT OF
CRANSTON DEFENDANTS' MOTION FOR SANCTIONS

## I. INTRODUCTION

This matter was commenced by plaintiff Benjamin Ligeri with the filing of a Complaint on or about May 3, 2007. The Complaint purports to set forth "a Civil Rights action, complaint for damages, and complaint for specific performance." *See* Complaint, Caption.

### A. Parties.

Plaintiff is Benjamin Ligeri, a resident of Rehoboth, Massachusetts (Complaint, Par. 1).

Defendants are the State of Rhode Island, Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432.[1] Cranston is a city within the State of Rhode Island. *See*, *e.g.*, Complaint, Par. 8. The Cranston Police Department is a department within the city of Cranston. The two Cranston police officer defendants are described as employees of the Cranston police department. Complaint, Par. 3, 4.

[1] The Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432 are collectively referred to as the "Cranston Defendants."

B. Claims.

Plaintiff alleges that the two Cranston police officers, generally, violated Plaintiff's constitutional rights, "including, but not limited to, Plaintiffs' First and Fourteenth Amendment Rights to free speech, to assemble peaceably and travel freely; Plaintiff's Fourth and Fourteenth Amendment Rights to be free from all and lawful[2] search and seizure; and Plaintiff's Fifth and Fourteenth Amendment rights to due process of law." Complaint, Par. 5.

More specifically, Plaintiff alleges that defendants assaulted him (Complaint, Par. 6) and "unlawfully detained and arrested" him (Complaint, Par. 7). The specific incidents which underlie these general allegations relate to two traffic stops, "both which [sic] occurred on Park Ave. in Cranston, RI". Complaint, Par. 8 (emphasis original). The specific allegations concerning these two stops are described in paragraphs 10 through 12 of the Complaint. One is alleged to have happened "approximately one and a half years ago." Complaint, Par. 10. The second incident is alleged to have occurred "approximately six months later." Complaint, Par. 12.

The Complaint alleges that both of these stops constituted unlawful detention, unlawful search and included assaults upon Plaintiff's person. Complaint, Par. 9.

The Complaint contains, as well, a lengthy set of allegations concerning Plaintiff's alleged loss of license as a result of his failure to pay a fine resulting from a traffic ticket which was allegedly issued in one of the two traffic stops. Complaint, Par. 16(a)-(e). The allegations largely relate to Plaintiff's inability to navigate the steps allegedly required to reinstate his license. *Id.* It appears that this difficulty forms the basis for Plaintiffs' claims against the "State of Rhode Island."

With respect to the Cranston Defendants, it appears that plaintiff seeks an award of $25,000

[2] "[A]nd lawful" should read "unlawful." This was a typographical error in the document which was served on Plaintiff in conformity with Rule 11 prior to filing with the Court, which Plaintiff observed and pointed out. Rather than change the text of what was previously served on Plaintiff, the undersigned has included this explanatory footnote, which did not appear in what was previously served upon Plaintiff.

in damages and a punitive damage award in the amount of $200,000. Complaint, Prayer for Relief.

## II. ARGUMENT

### A. Rule 11 Requirements

Rule 11, Fed. R. Civ. Proc. imposes specified good faith obligations upon attorneys and parties with respect to pleadings which are filed in the court. In particular, insofar as this Motion is concerned, the Rule provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances,*– [emphasis added]
>
> * * *
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

### B. Legal Basis for Claims

The Complaint in this matter was commenced by Benjamin Ligeri in the District of Massachusetts. As noted in Cranston Defendants' Motion to Dismiss for lack of personal jurisdiction and/or personal venue, there is no legal basis to support the filing of the Complaint in that District. This point was adopted by the Massachusetts Court in its Memorandum and Order transferring venue to the District of Rhode Island.

There was no good faith legal basis for filing in Massachusetts, and no evident reasonable inquiry into the appropriate location for a suit against the Cranston Defendants. As such, the filing of this matter in the District of Massachusetts was in violation of Rule 11.

Accordingly, the Cranston Defendants respectfully pray that they be awarded attorneys fees related to the preparation and filing of the Motion to Dismiss for lack of personal jurisdiction and for

improper venue.

C. Lack of Evidentiary Support for Factual Contentions

The Complaint in this matter contains numerous allegations of fact which appear, on their face, to be frivolous and lacking in evidentiary support. Among these are the following:

a. Several Officers (including Officers involved in the first and second incident) of Defendant Cranston Police Department clearly have severe emotional instabilities, are beleaguered by insecurities, and sudden and irrational bursts of anger and great propensities towards violent behavior which they act on with sudden and volatile impulse, and act as if they are clinically schizophrenic in that they go from sudden explosive behavior to sudden calm, as if not realizing what their alter-ego just did in a moment of rash anger. (Complaint, Par.14).

b. The gestapo tactics of the Cranston Police are known quite well known by Cranston residents, especially those who live and travel on the "dreaded" Park Ave. in Cranston. Defendants have the Cranston streets and highways under effectual Martial Law and the Cranston citizenry under constant fear of the Police's gestapo tactics. Many citizens try to avoid traveling by the Cranston Police if they can, fearing a capricious pullover and potential assault for no reason. Plaintiff's voice additionally represents the voice of a Cranston citizenry either too frightened or too legally incapable or financially insolvent to litigate so they "sit back and take it." (Complaint, Par.15).

These 'allegations' are specious and there is no indication that there is any evidentiary support or good faith basis for Plaintiff to make representations to this Court that there is any factual basis for these extravagant claims.

## III. CONCLUSION

Based upon the foregoing, the Cranston Defendants respectfully pray that the Court dismiss this action as a sanction, award the Cranston Defendants attorney's fees for the prosecution of the Motion to Dismiss in the District of Massachusetts, for the prosecution of this Motion and for such other sanctions as the Court deems appropriate.

Respectfully submitted,
Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432,
by their attorney,

Date: July 17, 2007

/s/Jeffrey S. Michaelson

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served, by first class mail, postage prepaid, upon the following attorneys of record the 17 day of July, 2007 and further certify that, on the 12th day of June, 2007 this document (excluding Footnote 2) was served on the following pursuant to Rule 11:

Benjamin Ligeri
39 Wheaton Ave.
Rehoboth, MA 02769

/s/Jeffrey S. Michaelson