**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BENJAMIN LIGERI, Plaintiff, | ) | No.: CA 07-207-ML |
| v. | ) | |
| STATE OF RHODE ISLAND<br>CRANSTON POLICE DEPARTMENT<br>CRANSTON POLICE OFFICER #419<br>CRANSTON POLICE OFFICER #432, Defendant. | ) | |

# PLAINTIFF'S MOTION FOR SANCTIONS

Now comes the Plaintiff, Benjamin Ligeri, and moves that this Court deny Defendants' MOTION FOR SANCTIONS with Sanctions, in accordance with Rule 11 (c) for violating Rule 11 (b) of the FRCP. In support of this Motion, Plaintiff respectfully refers this Court to Plaintiff's MEMORANDUM IN SUPPORT of PLAINTIFF'S MOTION FOR SANCTIONS, filed together with this Motion.

Respectfully submitted,

Date: July 18, 2007

Benjamin Ligeri
39 Wheaton Ave
Rehoboth, MA 02769
(401) 952-6661

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

BENJAMIN LIGERI,

Plaintiff,

v.

STATE OF RHODE ISLAND
CRANSTON POLICE DEPARTMENT
CRANSTON POLICE OFFICER #419
CRANSTON POLICE OFFICER #432,

Defendant.

No.: CA 07-207-ML

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

Defendants proceed throughout their Motion For Sanctions fraudulently, dishonestly, and with unclean hands, in attempts to delay the proceedings and deceive this Court into ruling on a motion already deemed moot by the competent Massachusetts U.S. District Court, by filing that exact same motion under a 'different name' -- these actions by Defendants all being a violation of Rule 11(b) and sanctionable under Rule 11 (c). Defendants use their Memorandum in Support of Cranston Defendants' Motion For Sanctions, among other unlawful means, to harass Plaintiff and to attempt to seek sanctions on him for rulings made by the U.S. District Court for the District of Massachusetts because said rulings have made Defendants unhappy.

In Defendants' Memorandum in Support of Cranston Defendants' Motion For Sanctions (hereinafter "Defendants' Memorandum"), Defendants commit the following Rule 11 (b) violations:

a) Intentionally misquoting the Complaint to bulwark their claims that Plaintiff's Complaint contains frivolous allegations -- See Paragraph I. B. of Defendants' Memorandum wherein Defendants' misquote the Complaint's allegation of "unlawful search and seizure" as "lawful search and seizure". (footnote 1)

---

footnote 1: Defendants have corrected this error <u>in</u> the footnotes of their filed Motion For Sanctions. Like Defendants have done, Plaintiff will note their correction only in the footnotes.

b) Intentionally misquoting the Massachusetts U.S. District Court's ruling to bulwark their claims that Plaintiff's Complaint contains frivolous allegations -- See Paragraph II. B of Defendants' Memorandum wherein Defendants claim that there was "no legal basis to support the filing of the Complaint in that District" and that "This point was adopted by the Massachusetts Court in its Memorandum and Order transferring venue to the District of Rhode Island." and that "There was no good faith legal basis for filing in Massachusetts, and no evident reasonable inquiry into the appropriate location for a suit against the Cranston Defendants." -- These claims by Defendants are fraudulently engineered, as the Massachusetts Court did NOT adopt these points in its Memorandum and Order transferring venue to the District of Rhode Island, and this is proven on the face of the District Court's ruling -- for they would not have transferred the case to a neighboring jurisdiction if they felt it was filed in bad faith. And the Massachusetts Court did not adopt the point that there was NO legal basis, nor any other points made by Defendants, but rather DENIED Defendants Motion to Dismiss as MOOT -- See Ruling 3 of the Court's opening paragraph of their ruling ("Memorandum and Order"). The Massachusetts District Court rather merely ruled that the case would be more legally apt in the Rhode Island District Court and so transferred it there in the interests of justice. Further, if Defendants felt the Complaint contained sanctionable allegations, they would've/should've so stated in their argument to the Massachusetts District Court and the filing of such a sanction know is barred by estoppel.

c) Fraudulently and frivolously calling severe and life-threatening allegations frivolous -- nothing could be more frivolous and fraudulent as to call allegations of clinical psychological problems, explosive anger, and gestapo tactics against goverment agents frivolous as Defendants do in Paragraph II. C. of Defendants' Memorandum. Frivolous means not having any serious

bearing -- the fact that Defendants claim psychological problems, explosive and irrational anger, assault and harassment of a citenzry frivolous, prove beyond a shadow of a doubt on the very face of their claim, that their claim is either fraudulent and frivolous and/or stemming from the same psychological problems of Plaintiff's allegation -- in other words, it proves that Defendants' counsel is either being fraudulent, or is incompetent. And no other conclusion could possibly be reached on such an issue.

Further, Defendants go on to say in their Memorandum, in regards to these of Plaintiff's allegations, that "These 'allegations' are specious and there is no indication that there is any evidentiary support or good faith basis for Plaintiff to make representations to this Court that there is any factual basis for these extravagant claims." The factual basis for these claims is to be proven in a court of law, before a jury, not in a motion for sanctions. Further, they are proven as far as they can be proven in a complaint, and on their face, as the body of Plaintiff's Complaint lends credence and proof to the truth of these allegations. These allegations will not be removed from the Complaint, and certainly not under Defendants' fraudulent threat of sanctions.

d) In the Conclusion of Defendants' Memorandum, Defendants ask for sanctions in the form of specific performance for the Rhode Island U.S. District Court to dismiss the action. Defendants are proceeding fraudulently, with unclean hands, to effect another motion for dismissal under the guise of "sanctions". Further, among every other unlawful reason, such a claim is barred by Res Judicata, as the Massachusetts U.S. District Court has already denied Defendants Motion to Dismiss this action.

In accordance with Rule 11 (c)(A), this motion will not be filed with the Court until at least 21 days have passed and Defendants' have still not provided notice to Plaintiff that they've withdrawn their Motion for Sanctions.

Plaintiff respectfully requests that this Court enter sanctions against Defendants in an amount reasonable under law -- to compensate Plaintiff for having to answer Defendants' frivolous and unclean-handed claims and to discourage such unethical actions in the future.

Respectfully submitted,

Date: July 18, 2007

Benjamin Ligeri
39 Wheaton Ave
Rehoboth, MA 02769
(401) 952-6661

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Motion For Sanctions and Memorandum in support thereof was served, by first class mail, postage prepaid, upon the Defendants' counsel

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852

on the 18th day of July, 2007.

Benjamin Ligeri
39 Wheaton Ave
Rehoboth, MA 02769
(401) 952-6661