UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BENJAMIN LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND,<br>CRANSTON POLICE DEPARTMENT,<br>CRANSTON POLICE OFFICER #419 and<br>CRANSTON POLICE OFFICER #432,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:07-CV-00207-ML-LDA |

MEMORANDUM IN SUPPORT OF
CRANSTON DEFENDANTS' MOTION TO DISMISS
AND TO STRIKE PORTIONS OF THE COMPLAINT

## I. INTRODUCTION

This matter was commenced by plaintiff Benjamin Ligeri with the filing of a Complaint on or about May 3, 2007. The Complaint purports to set forth "a Civil Rights action, complaint for damages, and complaint for specific performance." *See* Complaint, Caption.

A. Parties.

Plaintiff is Benjamin Ligeri, a resident of Rehoboth, Massachusetts (Complaint, Par. 1).

Defendants are the State of Rhode Island, Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432.[1] Cranston is a city within the State of Rhode Island. *See, e.g.*, Complaint, Par. 8. The Cranston Police Department is a department within the city of Cranston. The two Cranston police officer defendants are described as employees of the Cranston police department. Complaint, Par. 3, 4.

[1] The Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432 are, at times, collectively referred to as the "Cranston Defendants."

B. Claims.

Plaintiff alleges that the two Cranston police officers, generally, violated Plaintiff's constitutional rights, "including, but not limited to, Plaintiffs' First and Fourteenth Amendment Rights to free speech, to assemble peaceably and travel freely; Plaintiff's Fourth and Fourteenth Amendment Rights to be free from unlawful search and seizure; and Plaintiff's Fifth and Fourteenth Amendment rights to due process of law." Complaint, Par. 5.

More specifically, Plaintiff alleges that defendants assaulted him (Complaint, Par. 6) and "unlawfully detained and arrested" him (Complaint, Par. 7). The specific incidents which underlie these general allegations relate to two traffic stops, "both which [sic] occurred on Park Ave. in Cranston, RI". Complaint, Par. 8 (emphasis original). The specific allegations concerning these two stops are described in paragraphs 10 through 12 of the Complaint. One is alleged to have happened "approximately one and a half years ago." Complaint, Par. 10. The second incident is alleged to have occurred "approximately six months later." Complaint, Par. 12.

The Complaint alleges that both of these stops constituted unlawful detention, unlawful search and included assaults upon Plaintiff's person. Complaint, Par. 9.

The Complaint contains, as well, a lengthy set of allegations concerning Plaintiff's alleged loss of license as a result of his failure to pay a fine resulting from a traffic ticket which was allegedly issued in one of the two traffic stops. Complaint, Par. 16(a)-(e). The allegations largely relate to Plaintiff's inability to navigate the steps allegedly required to reinstate his license. *Id.* It appears that this difficulty forms the basis for Plaintiffs' claims against the "State of Rhode Island."

With respect to the Cranston Defendants, it appears that plaintiff seeks an award of $25,000 in damages and a punitive damage award in the amount of $200,000. Complaint, Prayer for Relief.

Having in mind these allegations, and although not specifically directed at particular

defendants in the Complaint (which refers to "Defendants" throughout most of the Complaint), it is important to parse through the Complaint to understand the specific factual claims related to the specific named Defendants:

1. The "First Incident."

Plaintiff complains about a traffic stop which occurred "approximately one and a half years ago." Complaint, Par. 10. In that alleged stop, two officers "whose names are unknown by Plaintiff" are alleged to have been involved. Complaint, Par. 10. Thus, it appears clear that, whatever, if anything happened in this alleged stop, it was not at the hands of any of the Defendants specified in this action.

2. The "Second Incident."

Plaintiff complains about a traffic stop which occurred approximately one year ago ("approximately six months" after the first incident, Complaint, Par. 12). In that alleged stop, two officers, identified by their badge numbers in the Complaint in this matter, allegedly stopped Plaintiff. Complaint, Par. 12. Plaintiff alleges that Defendant 419 assaulted him, and that Defendant 432 wrote him a ticket for traveling 40 mph in an area where the speed limit was 35, and stated that he usually does not give tickets under those circumstances. Complaint, Par. 12. Plaintiff alleges that Defendant 432 stated that the ticket was given in response to Plaintiff having "opened his mouth." Complaint, Par. 12.

C. The License Issue.

Plaintiff states that his operator's license was suspended "for not paying the aforementioned invalid and unlawfully-issued ticket." Complaint, Par. 16(b). Plaintiff "charges that the Rhode Island Dep't [sic] of Motor Vehicle [sic] and other associated departments are so inefficiently and fraudulently ran [sic], as to make it near [sic] impossible to rectify issues with them." Complaint, Par.

16(d). This issue, it appears, purports to state a claim against the State of Rhode Island, and not against the Cranston Defendants.

## II. ARGUMENT

### A. The "Cranston Police Department" Is Not An Entity Which May Be Sued In Its Own Name.

Rule 17(b), Fed. R. Civ. Proc. provides:

> CAPACITY TO SUE OR BE SUED. The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, and (2) that the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of the United States is governed by Title 28, U.S.C., §§ 754 and 959(a).

The "Cranston Police Department" is not an entity which has the legal capacity to be sued.

The City of Cranston was established by a Charter of the State of Rhode Island. The Charter includes provisions giving the power to establish a police department to the City:

> Sec. 9.01 Department of police.
> There shall be a department of police which shall consist of the chief of police and of such other officers and employees of such ranks and grades as may be prescribed by ordinance including, until otherwise provided by ordinance, the animal control officer. The department of police shall be responsible for the preservation of the public peace, prevention of crime, apprehension of criminals, protection of persons and property, and enforcement of the laws of the state and the ordinances of the city. The department of police and each of its officers and employees in the performance of police duties shall have and exercise all the powers heretofore or hereafter conferred on police officers by the laws of the state and the ordinances of the city. The chief of police and all other regular permanent officers and employees of the department shall be appointed and removed by the mayor subject to the provisions of chapter 14 relating to members of the classified service to which all such officers and employees are transferred by this Charter. The department shall be divided into such divisions, bureaus and other organizational units as the council upon the recommendation of the mayor shall from time to time prescribe, provided that the organization of the department of police in force at the effective date of this Charter shall continue in

> force until altered as above provided. The council shall have power to provide by ordinance upon the recommendation of the mayor for the appointment by the chief of police of regular and special constables, police volunteers and reserves. (Approved at referendum 11-3-98.)

The City Charter further establishes that the City of Cranston is a municipal corporation under Rhode Island law:

> Sec. 1.01 Incorporation.
> The inhabitants of the City of Cranston as its boundaries now are or may hereafter be shall continue to be a body politic and corporate under the name of the City of Cranston and as such shall have, exercise and enjoy all rights, immunities, powers, privileges and franchises, and shall be subject to all the duties and obligations of a municipal corporation under the constitution and laws of the State of Rhode Island.

As such, the Cranston Police Department is not a legal entity which has the capacity to be sued and, pursuant to Rule 17(b), cannot be sued in its own name.[2]

B. The Complaint Would Not Not Allege Facts Which Would Support a Claim Against the City of Cranston, in any Event.[3]

The Complaint is devoid of a single specific allegation which is directed against the Cranston Police Department.[4] As has been clear since the 1978 case of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), there is no *respondeat superior* liability on the part of a

---

[2] It appears, based upon a review of the Complaint in this matter, that Plaintiff's claims might conceivably be brought against the City of Cranston, if otherwise meritorious, but Plaintiff has neither properly named the City nor effected service in a manner consistent with the requirements of the Rules of Civil Procedure.

[3] In offering this analysis, the Cranston Police Department, the named defendant, does not concede, accept or imply that a claim has been made against the City of Cranston or that effective service of process has been made. If and when Plaintiff seeks to proceed against the City of Cranston, and properly serves the City, the City will make such Motions or take such other actions in response as it deems appropriate. In essence, this argument is offered largely to make it clear that there are no viable claims which could, in good faith, be brought against the City of Cranston based upon the allegations in the Complaint.

[4] Save, possibly, for the frivolous, and highly offensive" claims of "gestapo" tactics and a citizenry living in fear (*see*, *e.g.*, Complaint, Par. 15), which Plaintiff makes. Even those generalized (and ridiculous) statements can only reasonably be interpreted as alleging actions of individual officers.

municipality. Accordingly, even were the Court to consider whether the Complaint in this matter, if directed towards the City of Cranston, would state a viable claim, the complete absence of factual allegations against the Cranston Police Department make it clear that no meritorious claim has been stated against the employer of the two officers whose actions are complained of.

C. <u>The Complaint Fails To Adequately Identify Police Officer Defendants.</u>

Rule 8, Fed. R. Civ. Proc. requires that a Complaint contain a short and plain statement of the claim showing the pleader is entitled to relief. It seems axiomatic that, in so doing, a Complaint must identify the parties defendant. In this case, the Complaint, as to the two officers targeted individually, describes them only by their alleged badge numbers.

While not as amorphous as the frequently used designation of a Defendant as "John Doe," the 'naming' of police officers strictly by reference to their badge numbers is, respectfully, legally deficient to support the prosecution of a lawsuit, entry of a judgment and otherwise render this suit effectively litigation between competent parties. Just as a Complaint against a "John Doe" defendant identifies such Defendant by what they did, where they were, and even such things as height, weight and even badge number, so naming a Defendant is not effective in creating litigation against a living, breathing, identifiable human being subject to the jurisdiction of the Court. In effect, the suit, as it currently exists, is against the "Police Department" and two John Doe defendants.

This Court has concluded that a plaintiff's lack of knowledge of the identity of a defendant does not constitute "mistake" for purposes of a Rule 15(c)(3). *Ferreira v. City of Pawtucket*, 365 F.Supp.2d 215, 217 (D.R.I. 2004). In that decision, the Court found that amending the Complaint to identify, by name, a defendant previously designated as a "John Doe" defendant did not relate back to the filing date of the Complaint (*id.*).

Put another way, subsequent naming of a defendant identified as a John Doe defendant

effectively constitutes "a change in the party sued." *Aslandis v. United States Lines, Inc.*, 7 3d 1067, 1075 (2d Cir. 1993); *Tapia-Ortiz v. Doe*, 171 F.3d 150 (2d Cir. 1999). Respectfully, while the *Ferreira* decision does not explicitly express this concept, it appears consistent with the analysis and, as a result, the Cranston Defendants respectfully submit that the existing named police officer defendants are, legally speaking, *different parties* from appropriately named individual defendants.

It appears, in *Ferreira*, that the John Doe defendant was identified with specific reference to his alleged conduct which, according to Plaintiff, supported a legal claim. *See*, *Ferreira*, 365 F.Supp. at 216. In other words, while the Plaintiff in *Ferreira* did not set forth a badge number, presumably he said, in effect, 'this suit is against the third officer who was present when the events complained of occurred.'

While the Plaintiff in this case has set forth specific badge numbers of the two officers named in the Complaint, respectfully, Defendants suggest that, in order to proceed, Defendants must be identified by name. If Plaintiff's lack of knowledge of identity of Defendants is not considered a "mistake" for purposes of Rule 15, then Defendants suggest that the failure to name the Defendants he seeks to sue is fatal to his proceeding against these unnamed defendants in this suit and, for that reason, the claims against Police officers identified only by badge number should be dismissed.

D. Plaintiff Has Failed To Effectuate Due and Proper Service.

In this case, there is no evidence that any Defendant was served in accordance with Rule 4, Fed. R. Civ. Proc. The only indication of service is contained in the Complaint, where a Certificate of Service indicates that the Complaint was mailed to the Cranston Police Department and the State House.[5]

Therefore, in accordance with Rule 12(b)(4) and 12(b)(5), Defendants pray that the Complaint

[5] The State of Rhode Island is named as a Defendant.

be dismissed.[6]

E. <u>The Complaint Does Not State A Claim Against Defendant 432.</u>

Plaintiff alleges that he was, in effect, punished by receiving a ticket for "opening his mouth." He does not allege that he was deprived of any right to speak as he saw fit. Thus, although denominated as a deprivation of first amendment rights, the Complaint actually alleges that Plaintiff was given a ticket and does not allege any facts which establish or even suggest he was deprived of his first amendment rights.

The Complaint makes clear that the basis for the ticket was traveling at a speed in excess of the posted speed limit. *See* Complaint, Par. 12. The Complaint establishes that Plaintiff neither paid the ticket nor contested it. Complaint, Par. 16(b). Plaintiff does not deny that he was traveling 40 mph in a 35 mph zone. Plaintiff had the opportunity to contest his ticket, but chose not to. As such, simply on the face of the Complaint, Plaintiff has effectively conceded that he was speeding.[7]

R.I.G.L. 31-14(2)(a) provides *prima facie* speed limits for the state of Rhode Island. R.I.G.L. 31-41.1-1, *et seq.* provide for the payment of fines with and without personal appearance, and provide a schedule of fines.

R.I.G.L. 31-41.1-5 provides, in part:

(a) In the event the person charged with a violation does not pay the fine

---

[6] Counsel is aware of the provisions of Rule 12(h)(1) insofar as it may apply to this argument in light of the Motion to Dismiss for lack of jurisdiction in the District of Massachusetts. It is counsel's interpretation that, if a Court lacks personal jurisdiction over a defendant, this defense is not, technically, available. However, it seems appropriate to notify the Court of this issue. Furthermore, in the event that this matter is amended to name individual police officers, those officers would, presumably, be in a position where they would have to be served in accordance with Rule 4.

[7] In fact, the genesis of this lawsuit seems to be the fact that, when Plaintiff ignored his Rhode Island ticket he was not aware that that choice would negatively impact his ability to obtain a Massachusetts license. *See*, Complaint, Par. 16(b), 16(c).

> administratively in accordance with the provisions of § 31-41.1-3, then he or she shall have waived his or her right to dispose of the offense without personal appearance, and the person charged with the violation must then appear before the traffic tribunal or municipal court on the date specified on the summons. If the person charged with the violation shall fail to appear on the specified date, a judge or magistrate may enter default judgment, and after hearing any evidence presented, determine whether the charges have been established. If the charges are not established, an order dismissing the charges shall be entered. If a determination is made that a charge has been established, an appropriate order shall be entered in the records of the traffic tribunal, including any order of suspension of the license or driving privilege of the person so charged in the same manner as set forth in § 31-41.1-6.

In sum, the Complaint, on its face, establishes that Plaintiff received a citation and, by failing to contest the ticket, effectively admitted violation of the law. These facts do not establish a violation of any substantive or procedural right which can support a claim under 42 U.S.C. Sec. 1983.

Because Plaintiff has not alleged that the writing of a ticket for an admitted violation of the speed limit deprived him of any substantial constitutional right, his claims, as they relate to the speeding ticket, and to Defendant 423, does not state a claim upon which relief may be granted and, accordingly, the claim should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. Proc.

F. <u>The Traffic Stop Cannot Support a Civil Rights Claim.</u>

Plaintiff has already conceded that he was speeding. As such, probable cause existed for the traffic stop Plaintiff complains of. In order to state a claim under 42 U.S.C. Sec. 1983, Plaintiff must allege a deprivation of a right guaranteed by the Constitution or laws of the United States. *Parratt v. Taylor*, 4561 U.S. 527, 535 (1981). The absence of probable cause is an essential element of Plaintiff's *prima facie* claim. *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998).

Where, as here, the Complaint establishes probable cause by way of Plaintiff's effective admission that he was speeding, there is no viable claim that the stop in this case was a violation of Plaintiff's civil rights and, to the extent that the Complaint purports to or conceivably asserts a claim based upon the stop itself, that claim should be dismissed pursuant to Rule 12(b)(6).

Furthermore, in considering the stop in this case, there is nothing, respectfully, which "shocks the conscience" in the pulling over of a speeding motorist. *See, e.g.*, *Forest v. Pawtucket Police Department*,[8] Slip. Op., D.R.I., October 22, 2003 (Lagueux, J.). The District Court noted that arrest without probable cause, by itself, does not establish a substantive due process violation that can support a Sec. 1983 action. *Forest*, *citing Albright v. Oliver*, 501 U.S. 266 (1994)(plurality opinion). On appeal, the First Circuit affirmed *Forest*, 377 F.3d 52 (1st Cir. 2004) and noted that a finding of no constitutional violation may resolve a Sec. 1983 claim on the merits. *Forest*, 377 F.3d at 56.[9] *See also*, *Flowers v. Fiore*, 359 F.3d 24 (1st Cir. 2004)(brief investigative stops and detention upon reasonable suspicion permitted without probable cause, *citing Terry v. Williams*, 407 U.S. 143 (1972). Here, where Plaintiff has effectively admitted he was speeding, his being pulled over cannot support a civil rights claim.

G. Immaterial, Impertinent and Scandalous Matters Should Be Stricken.

The Complaint in this matter contains certain matters which should, respectfully, be stricken pursuant to Rule 12(f), Fed. R. Civ. Proc:

a. Several Officers (including Officers involved in the first and second incident) of Defendant Cranston Police Department clearly have severe emotional instabilities, are beleaguered by insecurities, and sudden and irrational bursts of anger and great propensities towards violent behavior which they act on with sudden and volatile impulse, and act as if they are clinically schizophrenic in that they go from sudden explosive behavior to sudden calm, as if not realizing what their alter-ego just did in a moment of rash anger. (Complaint, Par.14).

b. The gestapo tactics of the Cranston Police are known quite well known by Cranston residents, especially those who live and travel on the "dreaded" Park Ave. in Cranston. Defendants have the Cranston streets and highways under

---

[8] Notably, although *Forest was* nominally designated as a suit against the "Police Department," that suit, unlike this matter, also named the City of Pawtucket as a Defendant .

[9] Such a finding might also resolve a qualified immunity defense. *Id.*

> effectual Martial Law and the Cranston citizenry under constant fear of the Police's gestapo tactics. Many citizens try to avoid traveling by the Cranston Police if they can, fearing a capricious pullover and potential assault for no reason. Plaintiff's voice additionally represents the voice of a Cranston citizenry either too frightened or too legally incapable or financially insolvent to litigate so they "sit back and take it." (Complaint, Par.15).

The specific claims in this matter, even viewing them charitably, relate to only two specific matters: the alleged assault by Defendant 419 and the alleged ticketing by Defendant 432. Given that these are the sole allegations in the Complaint, neither of the above-cited Paragraphs of the Complaint bear any substantive connection to the claims which Plaintiff purports to make. Therefore, these extravagant and conclusory claims are rendered, respectfully, immaterial, impertinent and scandalous.[10]

It is understood that Motions to Strike, under Rule 12(f) are disfavored, *Boreri v. Fiat S.P.A*, 763 F.2d 17, 23 (1st Cir. 1985), but where an offensive, extravagant allegation is unconnected to and not probative of substantive claims, respectfully, striking of allegations is appropriate. *See, e.g.*, *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1079 (C.D. Cal. 1994)("... if the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied and the sufficiency of the allegations left for adjudication on the merits.") Here, respectfully, it is apparent that there is, in fact, *no doubt* that these specious allegations raise no issues related to

[10] The motivation for including a Rule 12(f) request in this Motion is to, hopefully, avoid discovery (should the case survive the Motion), on Plaintiff's broad-ranging claims. *See Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1079 (C.D. Cal. 1994): "Furthermore a court should keep in mind that the function of a Rule 12(f) motion to strike is 'to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" (*quoting Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993). Furthermore, in the event that this matter is not disposed of by way of this Motion, it is anticipated that any police officer defendant will raise, in Answer to the Complaint, a defense of qualified immunity. Under these circumstances, respectfully, it is important that such wheat as there may be in the Complaint, in the Court's judgment, be separated from such chaff as the Court determines is present.

the substantive claims of a speeding ticket and an alleged assault.[11] As such, the Cranston Defendants respectfully pray that the allegations of Paragraphs 14 and 15 of the Complaint be stricken.

## III. CONCLUSION

For the foregoing reasons, the Cranston Defendants respectfully pray that Plaintiff's claims in this matter be dismissed and that Paragraphs 14 and 15 of the Complaint be stricken.

Respectfully submitted,
Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432,
by their attorney,

Date: July 30, 2007

/s/Jeffrey S. Michaelson

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

Service by U.S. mail on:
Benjamin Ligeri
39Wheaton Ave.
Rehoboth, MA 02769

/s/Jeffrey S. Michaelson

[11] For the Court's information, the Cranston Defendants have also sought sanctions, pursuant to Rule 11 for the apparent lack of factual basis for these assertions.