UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BENJAMIN LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND,<br>CRANSTON POLICE DEPARTMENT,<br>CRANSTON POLICE OFFICER #419 and<br>CRANSTON POLICE OFFICER #432,<br><br>Defendants. | ) | C.A. No. 1:07-CV-00207-ML-LDA |

CRANSTON DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

## I. INTRODUCTION

### A. Nature of Suit.

This suit is brought by Plaintiff, Benjamin Ligeri, *pro se*, a self-described "very intelligent young man, with a 4.0 GPA paralegal degree, who's filed and won several lawsuits, both state and federal, against CORPORATIONS." (Short reply to Defendant's Motion for Sanctions and Contingent Note for Appeal, p. 2., July 18, 2007). The suit alleges that Plaintiff was stopped, on two occasions, by unknown officers of the Cranston Police Department. In one of the stops, Plaintiff has identified badge numbers the two officers allegedly involved.

The Complaint is a broad-ranging indictment of the Cranston Police and the Cranston Police Department, alleging that the Department is peopled with severely disturbed officers (Complaint, Par. 14), employing "Gestapo"[1] tactics resulting in "effectual Martial Law" (Complaint, Par. 15), all

[1] As an aside, the use of the term "gestapo" seems to be a favorite of Plaintiff, who has not only repeated the phrase in the current Motion but has also accused the Cranston Defendant's counsel of engaging in "Rhode Island gestapo politics crap." The comparison of counsel to the Nazi secret police is highly offensive and inappropriate.

resulting in a City living in fear and too afraid to do anything about it (*Id.*). Plaintiff apparently views himself as a sort of knight in shining armor to this imagined cowering populace, stating that he "represents" them through this suit (Complaint, Par. 15).

With specific reference to himself, Plaintiff alleges that he was the subject of, in short, police brutality and received a speeding ticket for "opening his mouth," which he alleges is a First Amendment violation. Complaint, Par. 12.

B. The Massachusetts Phase.

The suit was originally commenced in the District of Massachusetts with the filing of a Complaint on or about May 3, 2007. In response, the Cranston Defendants filed a Motion to Dismiss for lack of jurisdiction and/or improper venue on or about May 23, 2007 (Memorandum and Order attached). On or about May 30, 2007, the District of Massachusetts entered its Memorandum and Order transferring venue of this case to the District of Rhode Island. The Court concluded that "venue for this action does not lie within the District of Massachusetts." Memorandum and Order, p. 3. Rather than dismiss the action, the Court transferred the matter to this jurisdiction. The Court, in light of its ruling on venue, denied the Motion to Dismiss for lack of jurisdiction as moot. Memorandum and Order, p.5.

C. The Cranston Defendants Motion for Sanctions.

The Cranston Defendants filed a Rule 11 Motion, seeking sanctions based upon a) the fact that the suit was originally filed in Massachusetts without any sound legal basis for the filing in that jurisdiction and b) the evident lack a good faith basis to support certain factual allegations. That Motion for Sanctions has been opposed and is pending.

D. Plaintiff's Motion for Sanctions.

Plaintiff has now moved for sanctions. The Memorandum in Support of Plaintiff's Motions

for Sanctions is a bit of a rambling broadside on the Cranston Defendants' counsel, generally accusing counsel of proceeding "fraudulently, dishonestly and with unclean hands," accusing counsel of attempting to delay the proceedings and to deceive the Court and using the Motion to harass Plaintiff. Aside from these general broadsides, Plaintiff appears to allege four specific sanctionable matters, as follows:

a. Plaintiff claims that counsel, in the Memorandum in Support of the Cranston Defendants' Motion for Sanctions, misquoted Plaintiff's Complaint by substituting "lawful search and seizure" for "unlawful search and seizure.";

b. Plaintiff claims that counsel "intentionally misquot[ed] the Massachusetts U.S. District Court." This allegation is based upon assertions made in the Memorandum in Support of the Cranston Defendants' Motion for Sanctions that a) there was "no legal basis to support the filing of the Complaint in [Massachusetts]," b) "[t]his point was adopted by the Massachusetts Court....," and c) "[t]here was no good faith legal basis for filing in Massachusetts, and no evident reasonable inquiry into the appropriate location for a suit against the Cranston Defendants.";

c. Plaintiff claims that counsel "[f]raudulently and frivolously call[ed] severe and life-threatening allegations frivolous...."; and

d. Plaintiff states that counsel is "proceeding fraudulently, with unclean hands, to effect another motion for dismissal under the guise of 'sanctions'."

Each of these claims are addressed in turn.

## II. ARGUMENT

Plaintiff's Motion is a tit for tat response to the Cranston Defendants' Motion for Sanctions based upon the filing of this suit in the District of Massachusetts and certain allegations in the Complaint. Instead of limiting himself to a response to that Motion Plaintiff, as in the Complaint in this matter, takes his "4.0 GPA Paralegal Degree" and burdens the Cranston Defendants and this Court with an over-the-top Motion replete with virtually every legal term Plaintiff seems to have come across in his studies. The Motion for Sanctions is without merit and should be denied.

A. <u>A Typo: "Lawful" vs. "Unlawful."</u>

Plaintiff seeks sanctions because of a transcription error. The transcription error has no impact whatsoever on the sum and substance of the Cranston Defendants' argument in support of their Motion for Sanctions. Respectfully, such a transcription error is not an appropriate basis for the imposition of sanctions. In fact, Plaintiff's seeking sanctions for this transcription error is frivolous.

B. <u>The Alleged Misquoting of the Massachusetts U.S. District Court's Ruling.</u>

Plaintiff states that the Cranston Defendants "misquote[ed]" the Massachusetts U.S. District Court's Ruling. In fact, the Cranston Defendants did not quote the Memorandum and Order at all in their Memorandum in Support of the Motion for Sanctions. The Cranston Defendants did assert that there was "no legal basis to support the filing of the Complaint in [Massachusetts]." The Cranston Defendants further stated that "this point was adopted by the Massachusetts Court...."

The Memorandum and Order stated "... venue for this action does not lie within the District of Massachusetts." The Memorandum and Order, thereafter, goes through each of the bases set forth in 28 U.S.C. Sec.1391(b). The Court went on to conclude that "...subsections (1) and (3)... do not establish venue in the District of Massachusetts..." and "subsection (2) does not provide for venue within this District...." As such, the undersigned is comfortable with the statement that the Memorandum and Order did, in fact, adopt the point that there is "no legal basis to support the filing of the Complaint in [Massachusetts]" and that this point was "adopted by the Massachusetts Court in its Memorandum and Order...."

Plaintiff goes on to state that the Cranston Defendants "fraudulently engineered" its arguments. In fact, Plaintiff's statement that "[t]he Massachusetts District Court rather merely ruled that the case would be more legally apt in the Rhode Island District Court and so transferred it in the

interests of justice" (Plaintiff's Memorandum, p.3) is palpably false. The Massachusetts District Court ruled that there was *no venue* in Massachusetts and made no findings regarding what was, or was not, more "legally apt."

C. The Mental Competence of Various Police Officers

Plaintiff seeks sanctions based upon Cranston Defendants' seeking sanctions for the apparent lack of evidentiary support for the allegation in the Complaint that certain officers have severe emotional problems. Plaintiff suggests that counsel has "[f]raudulently and frivolously call[ed] severe and life-threatening allegations frivolous."[2]

In fact, the basis of the Cranston Defendants' Motion for Sanctions, as to this point, has nothing to do with the allegations being frivolous. To the contrary, it is the very seriousness of the allegations which led to the Cranston Defendants' Motion for Sanctions: the Motion for Sanctions is based upon the apparent lack of evidentiary support for these very serious allegations. Plaintiff states that "the factual basis for these claims is to be proven in a court of law, before a jury, not in a Motion for Sanctions." Plaintiff's Memorandum, p.4. It seems clear that Plaintiff is under the misapprehension that he is not required to have good faith evidentiary support for making the allegations in the Complaint and believes that he can simply make wild and specious allegations and defer the matter of evidence until trial.

Rule 11's requirements for good faith factual support for allegations in a pleading apply to *pro*

[2] As an alternative explanation for the Cranston Defendants' counsel seeking sanctions, Plaintiff offers that counsel may be "incompetent" or may suffer "from the same psychological problems of Plaintiff's allegation." Plaintiff's Memorandum, p.4. Counsel will leave it to the Court's determination as to whether he is incompetent or has "severe emotional instabilities," is "beleaguered by insecurities," has "sudden and irrational bursts of anger," has "great propensities towards violent behavior which [he] act[s] on with sudden and volatile impulse," and acts as if "clinically schizophrenic in that [he] goes from sudden explosive anger to sudden calm, as if not realizing what [his] alter-ego just did in a moment of rash anger." *Quoting* Complaint, Par. 14.

*se* parties as well as attorneys and, it seems readily apparent that Plaintiff had no good faith evidentiary basis for the allegation of severe emotional instabilities. As such, Plaintiff's own Motion for Sanctions, based upon the Cranston Defendants' Motion for Sanctions is without merit.

D. The Sanction of Dismissal.

Plaintiff seeks sanctions based upon the Cranston Defendants seeking dismissal of the Complaint in this matter as a sanction under Rule 11. Plaintiff suggests that this request is made "fraudulently, with unclean hands, to effect another motion for dismissal under the guise of 'sanctions.'" Plaintiff further argues that the request to dismiss, under Rule 11, is "barred by Res Judicata, as the Massachusetts U.S. District Court has already denied Defendants [sic] Motion to Dismiss this action." Plaintiff's Memorandum, p.4.

Plaintiff is correct that the Cranston Defendants have asked this Court to dismiss this action as a Rule 11sanction. Rule 11 gives the Court broad discretion with respect to the range of sanctions available in the event that it deems there to have been a violation of the Rule.

Plaintiff's *res judicata* argument has absolutely no legal merit, and is reflective of the basic defect in Plaintiff's lawsuit: instead of sticking to the relatively uncomplicated facts of what he alleges happened to him, Plaintiff has filed a grandiose Complaint peppered with irrelevant, extravagant and scandalous assertions and now adds insult to injury by turning to his lexicon of legal terms rather than offering this Court even a semblance of thoughtful, reasoned argument.

Denial of a Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction as moot has no preclusive effect on this Court's consideration of sanctions under, *inter alia*, Rule 11, Rule 37, Rule 12(b)(6)[3] or any other number of bases.

[3]In fact, the Cranston Defendants have filed a Motion under Rule 12(b) and (f) in response to the Complaint in this matter.

## III. CONCLUSION

For the foregoing reasons, the Cranston Defendants respectfully pray that Plaintiff's Motion for Sanctions be denied.

Respectfully submitted,
Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432,
by their attorney,

Date: August 2, 2007

/s/Jeffrey S. Michaelson

Jeffrey S. Michaelson (# 3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

Service by U.S. mail on:
Benjamin Ligeri
39Wheaton Ave.
Rehoboth, MA 02769

/s/ Jeffrey S. Michaelson