**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BENJAMIN LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND<br>CRANSTON POLICE DEPARTMENT<br>CRANSTON POLICE OFFICER #419<br>CRANSTON POLICE OFFICER #432,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:07-CV-00207-ML-LDA |

**PLAINTIFF'S LIMITED RESPONSE TO CRANSTON DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF CRANSTON DEFENDANTS' MOTION TO DISMISS**

The reason this is a Limited Response rather than a full response is because Plaintiff contends that Defendants' assertions in their Motion to Dismiss are outlandish, irrelevant, already ruled upon, contain false facts, make bald and overbroad assertions, and such makes it unduly burdensome for Plaintiff to respond to; barring that, Plaintiff will attempt to answer as much of Defendants' Memorandum In Support of Cranston Defendants' Motion to Dismiss and to Strike Portions of the Complaint (hereinafter "Defendants' Memorandum") as he can, the rest he either can't decipher or has missed through inadvertent oversight due to it's baldness of assertion. In support of this Motion, the Court is respectfully referred to the Memorandum in Support of Plaintiff's Limited Response to Cranston Defendants' Motion to Dismiss and Motion to Strike Portions of Cranston Defendants' Motion to Dismiss.

Respectfully submitted,

______________________

Benjamin Ligeri
39 Wheaton Ave
Rehoboth, MA 02769
(401) 952-6661

Date: August 21, 2007

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| BENJAMIN LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND<br>CRANSTON POLICE DEPARTMENT<br>CRANSTON POLICE OFFICER #419<br>CRANSTON POLICE OFFICER #432,<br><br>Defendant. | No.: CA 07-207-ML |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S LIMITED RESPONSE TO CRANSTON DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF CRANSTON DEFENDANTS' MOTION TO DISMISS**

Before going any further, Plaintiff wishes to make it clear that counsel has no standing to argue for complete dismissal, as he is admittedly not even representing Defendant State of Rhode Island in his Motion to Dismiss, so at most, he is asking only for a dismissal as it relates to the Cranston Defendants (but also not even as it relates to the Defendants charged with assault as he admits the legality of that allegation), however, counsel has improperly asked for dismissal of the Complaint in Defendants' Memorandum.

In Paragraph II.C. of Defendants' Memorandum, Defendants contend that it is inadequate to identify the two police officers solely by their complete badge numbers, that so naming the Defendants "is not effective in creating litigation against a living, breathing, identifiable human being subject to the jurisdiction of the Court" and provides no case law in support of this high-

falutin and absurd conclusion that counsel has materialized, and therefore relegates the badge-number-identified Defendants to the status of John Doe Defendants. Plaintiff contends that identifying the Defendants by badge number is not only adequate to establish jurisdiction against them, but that it supersedes the adequacy of having the Defendants' actual names in place. I (as well as others I know) have endured several instances of assault at the hands of several members of the Cranston Police. I don't live anywhere near Cranston. The two instances of assault took place on different occassions where I visited Cranston. During the "second incident", and because of my military-certified pilot vision and a recording device I had with me the second time, I was able to ascertain information that no one in my situation would've been able to ascertain: the BADGE NUMBERS of the officers that assaulted me, a form of identification much more reliable than names, where two officers often have the same name, they never have the same badge number. Getting badge numbers is almost like getting DNA, Plaintiff had to twist his neck to get the first (#419), then repeat the number over and over again before being able to record it, yet Mr. Michaelson attempts to obscenely assert, with no legal authority or sensible argument, that badge numbers are in some way insufficient and equivalent to getting nothing. And also, implicit in his argument, is the idea that one can't sue a violent person -- because those are the only people who don't give out their names, so no one knows who they are. Further, during Discovery, Plaintiff will have counsel come forth with the full names and descriptive qualities of the officers currently identified by badge number, at which point, if this Court deems necessary, Plaintiff can amend the Complaint and include the full names of the officers alongside their badge number identification for utter perfection.

It is for these reasons that it took a year to file this Complaint in the first place. I probably

should've just let it go like everyone else in Cranston does, because the Cranston Police are, by counsel's admission in Defendants' Memorandum, immune to litigation. If any non-police member assaults you, you can just call the police or file an action against that non-police member (and his/ her employee if it happened at the workplace), but not if it's the police (according to Mr. Michaelson), then you have to know City Charters and millions of other irrelevant doctrines and you still don't have recourse against the Police. Plaintiff finds Mr. Michaelson's efforts in attempt to pull the wool over Plaintiff's and this Court's eyes highly comical, but highly ineffective.

In Paragraph II.D of Defendants' Memorandum, Defendants argue some bald form of insufficiency of service. First of all, Defendants can't argue insufficient service six months into a lawsuit, after numerous filings, especially having made no mention of it before -- Counsel for Defendants jumped in while service was being completed, and therefore relegated all service attempts thereafter to be made directly to counsel, as it is unlawful for Plaintiff to shortcut Defendants' counsel and go directly to Defendants with any further papers. If counsel would like, Plaintiff will send him another copy of the Complaint, just to make sure his Defendants have it.

Defendants argue in Paragraph II. G. of Defendants' Memorandum that Paragraph 14 and Paragraph 15 of the Complaint should be stricken as Immaterial, Impertinent and Scandalous Matters. Plaintiff wishes to bring to the attention of this Court a repeat difficulty Mr. Michaelson is having. He thinks that if the actions of his clients are scandalous, that his clients are thereby protected by Rule 12(f) from allegations alleging the same on them. This is not the case. Rule 12(f) means scandalous allegations in relation to the facts, not allegations of scandal matching the facts, there's a whole world of difference. Yes, Defendants have committed scandalous acts, and as such, are not protected by the Federal Rules of Civil Procedure for the self-same allegations of such

scandal. As far as supporting facts for the allegations of Paragraphs 14 and 15 of the Complaint, the allegations contained in Paragraphs 14 and 15 of the Complaint are free-standing allegations of fact. That being said, prior factual accounts in the Complaint do additionally support these free-standing allegations, though it is not necessary that they do.

Paragraph 11 of the Complaint states, in part:

> The officer snapped, pulled Plaintiff out of his car, and threw him against the trunk and started fuming at Plaintiff for being a "wise guy" (a conclusion based wholly on Plaintiff's polite assertion of his inalienable Constitutional Rights). At which point, Plaintiff, not wanting to upset the officer anymore or risk further assault, granted permission to the officer to search his car. The officer replied, "No, now I don't want your permission" and proceeded to search, and of course, found nothing illegal. Plaintiff was then subjected to a purported Field Sobriety Test, wherein he was verbally assaulted for apparently failing to follow the guidelines for following a pen that was being waived in front of his eyes by an out-of-control officer in the middle of a busy road. The officer eventually cooled off and/or a pedestrian passerby caught the officer's attention and Plaintiff was released from his roadside detention, without a ticket or a charge or an apology.

Paragraph 12 of the Complaint, states, in part:

> Plaintiff was not given a reason for the detention. Plaintiff asked for

> a reason, which upset defendant 419, whose eyes flared in a sudden rage and proceeded to rip open Plaintiff's car door, yank Plaintiff out of his car, put him in a headlock, drag him about ten yards to the hood of his police cruiser and slam him face first against the hood and yell physical threats in his ear while searching Plaintiff and emptying his pockets everywhere.

It is indisputable that those two paragraphs of the Complaint contain a great amount of concrete factual bases for the allegations presented in Paragraph 14 of the Complaint, and Paragraph 15 of the Complaint contains new allegations -- which cannot physically be demonstrated any further than they already are for the purposes of a Complaint. Witnesses cannot be called in a Complaint, as Counsel's argument infers the requirement of to support a factual basis by his imagined requirements. Further, counsel argues that Plaintiff's allegations in Paragraphs 14 and 15 of the Complaint aren't supported by previous allegations in the Complaint, as if to say "after Paragraph 13 of a Complaint, no new allegations can be presented." And now, it is the Plaintiff's sworn contention and assertion, that, if Mr. Michaelson were sworn under oath and asked whether or not the above-referenced factual allegations of the Complaint justify those allegations that Mr. Michaelson asserts are "wild" and "without any reason behind them", Mr. Michaelson would swear under oath that those (of Plaintiff's) allegations are supported by those facts. As no reasonable person (and few unreasonable persons) could ever say that violent emotional behavior and insane spasms are not at least indicative of an emotional problem. For these reasons, Defendants' Memorandum should be STRICKEN as it is a fraudulent paradigm of "legal" assertions that not even Mr. Michaelson agrees with or would testify to, and as such, are certainly

not the assertions of the Defendants.

In Paragraph II.G.b of Defendant's Memorandum, Defendants claim that the alleged assault by Defendant 419 and the alleged ticketing by Defendant 432 are the *"sole allegtions in the Complaint"*, and as such, do not justify the allegations contained in Paragraph 14 and Paragraph 15 of the Complaint. Such reasoning isn't even rational, for the allegations in Paragraphs 14 and 15 of the Complaint are in fact allegations in the Complaint as well. Further, the circumstances of the assault on Plaintiff by Defendant 419 more than justifies the allegations of Paragraph 14 of the Complaint, it defines them -- even though it is not necessary for early allegations in a complaint to justify latter allegations in a complaint -- as counsel is suggesting: that because the allegations of Paragraphs 14 and 15 of the Complaint, aren't mentioned earlier in the Complaint, that they can't stand alone as allegations.

All of the above-mentioned--in reference to Paragraph 15 of the Complaint--being said, I admit that there exists an isolated statement in Paragraph 15 of the Complaint which reads a bit grander than the allegation intended (it was written by Plaintiff during a state of Excited Utterance):

> *"Defendants have the Cranston streets and highways under effectual Martial Law and the Cranston citizenry under constant fear of the Police's gestapo tactics."*

I would be happy to amend the Complaint and alter that sentence to "Defendants have a portion of the Cranston citizenzry under fear and panic of driving because of the Cranston Police's repeat unlawful tactics during pullovers." (see Plaintiff's attached Motion to Amend the Complaint).

Counsel is correct in Paragraph II.F. of Defendants' Memorandum that the pulling over of a speeding motorist doesn't *shock the conscience* of the Court, but the assault of a speeding motorist

at an investigatory stop does in fact *shock the conscience* of the Court, and while the ticketing of a speeding motorist does not *shock the conscience* of the Court, the ticketing of a motorist for asserting Constitutional protections does in fact *shock the conscience* of the Court or is at least a clear and shocking abridgment of Constitutional Rights. Also, as Defendants inherently admit, and of course couldn't deny, there is no law that allows for the arrest of a motorist traveling an alleged five miles per hour over the posted speed limit, and certainly no law that allows for assault of said motorist, which Defendants have done both of.

In Paragraph I.B.1. of Defendants' Memorandum, Defendants conclude that the allegations of The "First Incident" were not at the hands of any of the Defendants specified in this action, and Defendants draw this conclusion based on the fact that the two officers names "are unknown to the Plaintiff". However, Plaintiff contends that police officers who don't give their name are not carte-blanche licensed to assault him. Further, as Plaintiff points out in his Motion to Amend the Complaint, Plaintiff was including all such officers as employees, agents, and officers of Defendant Cranston Police Department; however, in Plaintiff's Motion to Amend the Complaint, Plaintiff requests to substitute Defendant Cranston Police Department for Defendants Cranston Police (or Responsible Officers, Agents, Employees of the Cranston Police Department).

In Paragraph II.E. of Defendants' Memorandum, Defendants' argue that the Complaint does not state a claim against Defendant 432, and they base this on only one of the several allegations against Defendant 432 being allegedly insufficient. And therefore do not address the others. The allegation which Defendants claim is insufficient is the allegation that it is a violation of Plaintiff's 1st and 14th Amendment Rights to punish Plaintiff for asserting his Constitutional Rights. Defendants' argument, not based in law and at odds with it, serves to reduce the protections of the

Constitution to just prevention of exercising 1st Amendment Rights, and excludes the express Constitutional violation for punishment for having already exercised one's Constitutional Rights -- Plaintiff asserts, with the 1st Amendment law and U.S. Supreme Court interpretations as his law base, that it is unlawful for a government agent to punish him for exercising protected Constitutional Rights, and certainly for the blanket accusation of "speaking" or "opening one's mouth." Further, Defendants' actions, while a punishment for exercising Constitutional freedoms, were also an heavily implied prevention (by intimidation) of exercising further Constitutional freedoms (see numerous US Supreme Court cornerstone cases). Additionally, there are other allegations against Defendant 432 which are not contested as failures to state a claim in Defendants' Memorandum. And those are, namely, the assault allegations and unlawful search, seizure, and arrest that Defendant 432 aided in before

> *"defendants 419 and 432 subsequently allowed Plaintiff to return to his car."* (Paragraph 12 of the Complaint).

Although Defendant 419 actually committed the assault, Defendant 432 is liable. Just as a private citizen would be liable if he watched his friend beat up an old lady and didn't call the police -- it's called obstruction of justice, conspiracy, collaboration, failure to report a felony, etc... There's several more laws for it, but it's almost something that Plaintiff may ask this Court to take judicial notice of or for Defendants/Counsel to admit this obvious issue so as not to congest the legal process with frivolous denials -- however, Plaintiff, in his Motion to Amend the Complaint, asks to amend the Complaint in this regard to draw the conclusion for Defendants.

Additionally, in this segment of Defendants' Memorandum, Defendants/Counsel deceives this Court when they rely on Plaintiff's motor vehicle violation of traveling 40 in a 35 as if to say,

"Because Plaintiff was found guilty of speeding by his lack of contestment, that Defendant 432 (footnote 1) is antecedently off the hook for unlawful search and seizure, deprivation of 1st Amendment Rights, and contributory assault -- the argument is deceptive, the polar opposite of meritorious, cannot stand as an lawful argument, and Plaintiff asks that this Court STRIKE Paragraph II.E. of Defendants' Memorandum as such, or just deem it ridiculous.

In Paragraph II.A. of Defendants' Memorandum, Defendants argue that "The "Cranston Police Department" Is Not An Entity Which May Be Sued In Its Own Name." This issue is addressed in Plaintiff's Motion to Amend, however, in an effort of thoroughness, Plaintiff will restate that he is not trying to sue the Cranston Police Department as an entity, but rather the unnamed police officers inside of that building, including the two unnamed officers responsible for assaulting Plaintiff in the "First Incident", the Chief of Police for not firing the violent officers and for not properly training them to begin with. Plaintiff realized the miscommunication when Defendants concluded that the unnamed Cranston police officers of the "first incident" were not covered by the Defendants specified in this action -- However, Plaintiff contends that he covered those unnnamed officers as well as all other liable officers when he named the Cranston Police Department: meaning, the employees and agents of the Cranston Police Department. However, since that language could be clearer, Plaintiff wishes to substitute the party language of "Cranston Police Department" with that of just "Cranston Police" or "officers, employees, agents of the Cranston Police Department".

The allegations against the Cranston Police officers defendants and the Cranston Police Department defendants, such as violent and unlawful behavior, clearly demonstrate an allegation against the City of Cranston for failure to train the police officers and manage the department, and

also for failing to remedy the abuse of its citizenry by the Cranston police officers, as well as failure to rectify the abuse of Plaintiff by the Cranston Police officers. The City of Cranston has NOT contacted Plaintiff whatsoever, when they should've done so in attempt to make amends for the unwarranted abuse he suffered at the hands of the Cranston police, and offered medical and other assistance in attempts to make Plaintiff whole. Plaintiff certainly can't contact them. That being said, Plaintiff is willing to amend the Complaint to add the City of Cranston and make express allegation of the City of Cranston's failure to train its police officers and properly manage its Cranston Police Dep't, although those allegations are ever-so clearly inherent in the language of the Complaint, in the actions of the Defendants; nevertheless, it would be better to make specific mention and add the City of Cranston.

Respectfully submitted,

Date: August 22, 2007

Benjamin Ligeri
39 Wheaton Ave
Rehoboth, MA 02769
(401) 952-6661

# CERTIFICATE OF SERVICE

I hereby certify that a copy of PLAINTIFF'S LIMITED RESPONSE TO CRANSTON DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF CRANSTON DEFENDANTS' MOTION TO DISMISS and Memorandum in support thereof was served, on August 22, 2007, by first class mail, postage prepaid, upon the Defendants' counsel:

Jeffrey S. Michaelson
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852

Benjamin Ligeri
39 Wheaton Ave
Rehoboth, MA 02769
(401) 952-6661