**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

BENJAMIN LIGERI,

Plaintiff,

v.

STATE OF RHODE ISLAND
CRANSTON POLICE DEPARTMENT
CRANSTON POLICE OFFICER #419
CRANSTON POLICE OFFICER #432,

Defendant.

C.A. No. 1:07-CV-00207-ML-LDA

# PLAINTIFF'S MOTION TO STRIKE CRANSTON DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR CONTAINING FALSE FACTS

Now comes the Plaintiff, Benjamin Ligeri, and moves this Court to STRIKE Defendants' Opposition to Plaintiff's Motion for Sanctions as a "scandalous matter", pursuant to Rule 12 (f), for containing false facts and assertions that counsel knows to be false. In support of this Motion, Plaintiff relies on pleadings already filed with the Court, including Cranston Defendants' Memorandum In Opposition to Plaintiff's Motion for Sanctions (hereinafter "Opposition"), itself.

In the Opposition, Mr. Michaelson defrauds the Court when he states *"It seems clear that Plaintiff is under the misapprehension that he is not required to have good faith evidentiary support for making the allegations in the Complaint and believes that he can simply make wild and specious allegations and defer the matter of evidence until trial."* Mr. Michaelson is fully aware

that the Plaintiff in fact does not believe that he can "simply" make wild allegations without any reason behind them, and Mr. Michaelson is consequently defrauding the Court by stating that "it seems clear that Plaintiff is under the misapprehension....", and the following is proof that Mr. Michaelson knows he is defrauding this Court with his repeat assertion that he believes that Plaintiff believes that he doesn't need good faith support for his allegations:

1. In Paragraph 6 of Plaintiff's Memorandum in Support of Plaintiff's Motion for Sanctions, Plaintiff already answers this repeat and unfounded assertion of Mr. Michaelson's:

> Further, Defendants go on to say in their Memorandum, in regards to these of Plaintiff's allegations, that "These 'allegations' are specious and there is no indication that there is any evidentiary support or good faith basis for Plaintiff to make representations to this Court that there is any factual basis for these extravagant claims." The factual basis for these claims is to be proven in a court of law, before a jury, <u>not</u> in a motion for sanctions. **Further, they are proven as far as they can be proven in a complaint, and on their face, as the body of Plaintiff's Complaint lends credence and proof to the truth of these allegations.** [emphasis added] These allegations will not be removed from the Complaint, and certainly not under Defendants' fraudulent threat of sanctions.

2. And to find that prima facie proof in the Complaint (that Plaintiff refers to in his above memorandum), and to negate Mr. Michaelson's assertion that Plaintiff's allegations have no

factual basis, one need only look to Paragraph 11 and Paragraph 12 of the Complaint.

Paragraph 11 of the Complaint states, in part:

> The officer snapped, pulled Plaintiff out of his car, and threw him against the trunk and started fuming at Plaintiff for being a "wise guy" (a conclusion based wholly on Plaintiff's polite assertion of his inalienable Constitutional Rights). At which point, Plaintiff, not wanting to upset the officer anymore or risk further assault, granted permission to the officer to search his car. The officer replied, "No, now I don't want your permission" and proceeded to search, and of course, found nothing illegal. Plaintiff was then subjected to a purported Field Sobriety Test, wherein he was verbally assaulted for apparently failing to follow the guidelines for following a pen that was being waived in front of his eyes by an out-of-control officer in the middle of a busy road. The officer eventually cooled off and/or a pedestrian passerby caught the officer's attention and Plaintiff was released from his roadside detention, without a ticket or a charge or an apology.

Paragraph 12 of the Complaint, states, in part:

> Plaintiff was not given a reason for the detention. Plaintiff asked for a reason, which upset defendant 419, whose eyes flared in a sudden rage and proceeded to rip open Plaintiff's car door, yank Plaintiff out of his car, put him in a headlock, drag him about ten yards to the

> hood of his police cruiser and slam him face first against the hood and yell physical threats in his ear while searching Plaintiff and emptying his pockets everywhere.

It is indisputable that those two paragraphs of the Complaint contain a great amount of concrete factual bases for the allegations presented. Mr. Michaelson's assertions to the contrary prove that he is either lying or did not read the Complaint. And now, it is the Plaintiff's sworn contention and assertion, that, if Mr. Michaelson were sworn under oath and asked whether or not the above-referenced factual allegations of the Complaint justify Plaintiff's allegations that Mr. Michaelson asserts are "wild" and "without any reason behind them", Mr. Michaelson would swear under oath that Plaintiff's allegations are supported by those facts. As no reasonable person (and maybe no unreasonable person) could ever say that violent emotional behavior and insane spasms are not at least indicative of an emotional problem. For these reasons, Mr. Michaelson's Memorandum should be STRICKEN as it is a fraudulent paradigm of assertions that not even Mr. Michaelson agrees with or would testify to.

Another lie in Mr. Michaelson's Opposition is that Plaintiff made a comparison of counsel to the Nazi secret police. Plaintiff never made such a comparison to Mr. Michaelson who is searching for negative archaic root meanings of words Plaintiff has used in his Complaint just to defame Plaintiff and create some imagined offense that he can demonize Plaintiff with -- because he can't argue a case like a normal, honest lawyer. And the accusation will not be tolerated. If the false accusation isn't removed, Plaintiff reserves the right to file a defamation lawsuit against Mr. Michaelson in addition to a Motion for Sanctions. Further, Plaintiff used the word "Gestapo" as an adjective, "gestapo tactics" -- Gestapo as an adjective means "brutal suppression of opposition",

brutal means harsh. Physically assaulting and injuring someone in order to suppress a calm-spoken 1st Amendment assertion is harsh suppression of opposition, period -- and therefore constitutes "gestapo tactics" -- a term counsel for Defendants and I will continue to reference under its modern-day meaning. And Plaintiff hereby demands a retraction of the accusation Mr. Michaelson put on Plaintiff, or actions will be taken.

I have had young family members beaten by the Cranston Police, I was dragged out of my car and assaulted by the Cranston Police for allegedly travelling at 40 in a 35, businessmen on Park Ave. show me the shortcuts they take to avoid the Cranston Police, I've seen Cranston Police officers snap for reasons I still don't understand, and if Mr. Michaelson thinks he's going to blindside this Court into ignoring several unlawful acts by the Defendants just because the acts were extravagantly unlawful (and therefore not average), then he's lying, because he does not think that.

Respectfully submitted,

________________________ Date: August 22, 2007

Benjamin Ligeri
39 Wheaton Ave
Rehoboth, MA 02769
(401) 952-6661

## CERTIFICATE OF SERVICE

I hereby certify that a copy of PLAINTIFF'S MOTION TO STRIKE CRANSTON DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR CONTAINING FALSE FACTS was served, on August 22, 2007, by first class mail, postage prepaid, upon the Defendants' counsel:

Jeffrey S. Michaelson
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852

Benjamin Ligeri
39 Wheaton Ave
Rehoboth, MA 02769
(401) 952-6661