UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BENJAMIN LIGERI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND<br>CRANSTON POLICE DEPARTMENT<br>CRANSTON POLICE OFFICER #419<br>CRANSTON POLICE OFFICER #432,<br><br>Defendant. | C.A. No. 1:07-CV-00207-ML-LDA |

## PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

COMES NOW the Plaintiff and moves this Court for a Motion to Amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, in order to tighten up some of the allegations, and make more express some of the more inherent and arguably express allegations, such as:

The allegations against the Cranston Police Officers defendants and the Cranston Police Department defendants, such as violent and unlawful behavior, clearly demonstrate an allegation against the City of Cranston for failure to train the police officers and manage the department, and also for failing to remedy the abuse of its citizenry by the Cranston police officers, as well as failure to rectify the abuse of Plaintiff by the Cranston police officers. The City of Cranston has NOT contacted Plaintiff whatsoever, when they should've done so in attempt to make amends for the unwarranted abuse he suffered at the hands of the Cranston police, and offered medical and

other assistance in attempts to make Plaintiff whole. Plaintiff certainly can't contact them. Therefore, since the City of Cranston is liable for their acts and omissions in regards to the running of their Cranston Police Department, it would be proper to add them as a party in substitution for the Cranston Police Department.

Plaintiff would also like to make clear his allegation against the Cranston Police Department. Plaintiff is not trying to sue the Cranston Police Department as an entity, but rather the unnamed police officers inside of that building, including the two unnamed officers responsible for assaulting Plaintiff in the "First Incident", the Chief of Police for not taking action against his renegade officers (omissions such as failing to fire the violent officers and also failing to train them to being with). Plaintiff realized the miscommunication when Defendants concluded that the unnamed Cranston police officers of the "first incident" were not covered by the Defendants specified in this action -- Although Plaintiff contends that he covered those unnamed officers as well as all other liable officers when he named the Cranston Police Department: meaning, the employees and agents of the Cranston Police Department, nevertheless, because of the fact that the language could be clearer, Plaintiff wishes to substitute the party language of the "officers, employees, agents of the Cranston Police Department" in place of the Cranston Police Department.

In response to Paragraph II.E. of Defendants' Motion to Dismiss, wherein Defendants argue that the Complaint fails to state a claim against Defendant 432, Plaintiff would like to make it all the more express that punishment for a 1st Amendment expression is a 1st Amendment violation, and that Free Speech doesn't just cover the prevention of speaking, it covers punishment post exercising a Constitutional Right; therefore, Plaintiff would like to make more conclusive the already express allegations of the prevention of his 1st Amendment Right to express his

Constitutional Rights to be free from unlawful seizure and such by the police. It's already express that an assault by the police would serve to limit this expression, and even though the Complaint isn't intended for conclusions, Plaintiff would like to make this allegation all the more express, to satisfy Defendants. In addition to these claims against Defendant 432, it is clear by the language of the Complaint, that Defendant 432 is also liable for the unlawful search, seizure, and arrest, and for failing to prevent or stop the unlawful assault on Plaintiff by Defendant 419, as Defendant 432 had a duty to restrain Defendant 419 and place him under arrest for assault, and if he had attempted to stop Defendant 419 from assaulting Plaintiff, Plaintiff contends it is obvious that Defendant 419 would've ceased from his assault; nevertheless, Plaintiff will clarify these and the other points of potential issue in an Amended Complaint, if permitted by the Court.

Respectfully submitted,

Date: August 22, 2007

Benjamin Ligeri
39 Wheaton Ave
Rehoboth, MA 02769
(401) 952-6661

# CERTIFICATE OF SERVICE

I hereby certify that a copy of PLAINTIFF'S MOTION TO AMEND THE COMPLAINT was served, on August 22, 2007, by first class mail, postage prepaid, upon the Defendants' counsel:

Jeffrey S. Michaelson
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852

Benjamin Ligeri
39 Wheaton Ave
Rehoboth, MA 02769
(401) 952-6661