UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BENJAMIN LIGERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:07-CV-00207-ML-LDA |
| | ) | |
| STATE OF RHODE ISLAND, | ) | |
| CRANSTON POLICE DEPARTMENT, | ) | |
| CRANSTON POLICE OFFICER #419 and | ) | |
| CRANSTON POLICE OFFICER #432, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF CRANSTON DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CRANSTON DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR CONTAINING FALSE FACTS

## I. INTRODUCTION

This matter was commenced by Plaintiff Benjamin Ligeri with the filing of a Complaint on or about May 3, 2007. The Complaint purports to set forth a Civil Rights Action alleging, in sum, that he was mistreated by officers of the Cranston Police Department. The matter was originally commenced in the District of Massachusetts, which Court found that it lacked venue and transferred the matter to this District.

On or about July 18, 2007, Plaintiff filed a Motion for Sanctions. That Motion for Sanctions was based upon Plaintiff's claims of improprieties contained in the Cranston Defendants' own Motion for Sanctions, which Motion was filed on or about July 17, 2007.

In response to Plaintiff's Motion for Sanctions, the Cranston Defendants filed an Opposition dated August 2, 2007. Plaintiff has now moved to strike that August 2, 2007 Opposition.

## II. ARGUMENT

Plaintiff's Motion to Strike the Cranston Defendants' August 2, 2007 Opposition is based upon Rule 12(f), Fed. R. Civ. Proc., with Plaintiff asserting that the Opposition contains "false facts[1] and assertions that counsel knows to be false." (Plaintiff's Motion to Strike, Page 1). The Motion to Strike appears to be based upon two specific assertions, neither of which have merit:

### A. Counsel's Assertion that Plaintiff Appears to be Under a Misapprehension.

In Opposing Plaintiff's Motion for Sanctions, the Cranston Defendants stated that it appeared that Plaintiff is under a "misapprehension" concerning the requirement for a good faith factual basis for allegations, as contained in Rule 11, Fed. R. Civ. Proc. This was in direct response to arguments contained in Plaintiff's Motion for Sanctions which appeared, at least to counsel, to indicate that Plaintiff continued (and apparently continues) to believe that it is permissible to make assertions in a Complaint without a good faith factual basis, and that those assertions themselves somehow satisfy the requirements of Rule 11.

Counsel continues to believe that Plaintiff is under a misapprehension as to this point and numerous other legal matters. The specific allegations of the Complaint relate to medical matters and diagnoses which are neither established nor justified based upon the factual allegations of an alleged assault.

### B. Alleged Lie Concerning the Use of the Term "Gestapo."

Plaintiff states that "[a]nother lie in [counsel's] Opposition is that Plaintiff made a comparison of counsel to the nazi secret police." As to that point, Plaintiff continues "plaintiff never made such a comparison to [counsel] who is searching for negative archaic root meanings of words plaintiff has used in his Complaint just to defame plaintiff and create some imagined

---

[1] A curious oxymoron.

offense that he can demonize Plaintiff with – because he can't argue a case like a normal, honest lawyer."

Plaintiff goes on to threaten a defamation action in response to the assertion.

In fact, in a telephone message left by Mr. Ligeri on June 13, 2007, at 5:42 p.m., Mr. Ligeri, in commenting on a pleading which the Cranston Defendants' counsel filed, stated, "Let's stop the Rhode Island gestapo politics. Ok? Bye." A transcript of this telephone message is attached hereto as Exhibit A.[2]

It appears clear that Plaintiff's assertion that he never made a comparison between the Cranston Defendants' counsel and the Gestapo is untrue. Furthermore, Plaintiff asserts that the term Gestapo does not relate to the Nazi Secret Police. Although counsel believes that the association is well understood by most people, attached hereto as Exhibit B is the dictionary.com definition of Gestapo. As to Plaintiff's assertion that using the term "Gestapo" as an "adjective" relieves it of its Nazi connotation, the Court might note that the American Heritage Dictionary definition, as an adjective, is "of, relating to, or characteristic of the German security police organized under the Nazi regime."

In sum, Plaintiff's assertion that he never compared counsel to the Gestapo is incorrect and, as such, the Motion to Strike the Cranston Defendants' Opposition to Plaintiff's Motion for Sanctions, on this basis, is without merit.

III. CONCLUSION

For the foregoing reasons, the Cranston Defendants respectfully pray that Plaintiff's Motion to Strike Cranston Defendants' Opposition to Motion for Sanctions should be denied.

---

[2] A CD containing the recording of the message will be filed by regular mail.

Respectfully submitted,
Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432,
by their attorney,

Date: August 28, 2007

/s/Jeffrey S. Michaelson

Jeffrey S. Michaelson (# 3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served, by first class mail, postage prepaid, upon the following attorneys of record the 28 day of August, 2007:

Benjamin Ligeri
39 Wheaton Ave.
Rehoboth, MA 02769

/s/Jeffrey S. Michaelson