UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BENJAMIN LIGERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:07-CV-00207-ML-LDA |
| | ) | |
| STATE OF RHODE ISLAND, | ) | |
| CRANSTON POLICE DEPARTMENT, | ) | |
| CRANSTON POLICE OFFICER #419 and | ) | |
| CRANSTON POLICE OFFICER #432, | ) | |
| | ) | |
| Defendants. | ) | |

CRANSTON DEFENDANTS' MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

I. INTRODUCTION

This matter was commenced with the filing of a Complaint in the District of Massachusetts on or about May 3, 2007. The matter was subsequently transferred to this Court. The Complaint purports to set forth a civil rights action claiming that Plaintiff was assaulted and otherwise deprived of his civil rights by officers of the Cranston Police Department.

On or about July 30, 2007, the Cranston Defendants filed a Motion to Dismiss, and on or about August 23, 2007, Plaintiff filed, late, a "Limited Response" to that Motion to Dismiss.

In addition, on or about August 23, 2007, Plaintiff filed a "Motion to Amend the Complaint." That Motion is contained in a single two and one half page document, unaccompanied by a Memorandum of Law and unaccompanied by a copy of the proposed amended pleading.

II. ARGUMENT

It appears that the purpose of the Motion to Amend the Complaint is to respond to certain shortcomings in the Complaint as illuminated in the Cranston Defendants' Motion to Dismiss.

A. The Motion Does Not Comply with the Local Rules.

Local Rule 7 requires that every Motion, with exceptions which don't apply here, "shall contain a short and plain description of the requested relief and shall be accompanied by a separate memorandum of law setting forth the reasons why the relief requested should be granted and any applicable points and authorities supporting the motion."

In this case, Plaintiff has failed to comply with the provisions of Local Rule 7. In light of this, the Cranston Defendants respectfully submit that the Motion should be denied.

Furthermore, local Rule 15 requires that any Motion to amend a pleading "shall be accompanied by: (a) the proposed amended pleading...." In this case, Plaintiff has not complied with this requirement and, for that reason, as well, the Motion to Amend should be denied.

B. The Motion Does Not Demonstrate That The Proposed Amendment Will Solve Plaintiff's Problems.

The Basis of Plaintiff's Motion to Amend is "in order to tighten up some of the allegations and make more express some of the more inherent and arguably express allegation...." (Plaintiff's Motion, Page 1).

Unfortunately, while Plaintiff appears to recognize the problems with the Complaint, or some of them, he has not provided, in the Motion, any specifics on how he proposes to solve those difficulties.

Plaintiff apparently now wishes to sue the City of Cranston for failure to train and manage the department – but does not provide the specific basis for making such claims, as would be evident in a proposed amended pleading.

Plaintiff also states that he now wishes to make it clear that he "is not trying to sue the Cranston Police Department as an entity, but rather the unnamed police officers inside of that

building...." Again, how Plaintiff proposes to accomplish this, and which particular officers "inside" the building he proposes to sue, is a mystery.

Given the apparent difficulty which Plaintiff has making clear what his allegations are, and who they are against, it is respectfully submitted that with the absence of a proposed amended pleading should preclude granting of the Motion to Amend.

In sum, Plaintiff has shown himself to be more adept at offering legal terms of art than in providing this Court, or the Cranston Defendants, with a "short and plain statement of the claim showing that the pleader is entitled to relief," and, under these circumstances, it would be inappropriate, it is respectfully submitted, to permit an amended pleading without first seeing what is proposes and permitting the Cranston Defendants to respond specifically to the proposed amended pleading.

III. CONCLUSION

For the foregoing reasons, the Cranston Defendants respectfully pray that Plaintiff's Motion to Amend Complaint, filed on or about August 23, 2007, be denied.

Respectfully submitted,
Cranston Police Department, Cranston Police Officer #419 and Cranston Police Officer #432,
by their attorney,

Date: August 28, 2007

/s/Jeffrey S. Michaelson

Jeffrey S. Michaelson (# 3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

Service by U.S. mail on:
Benjamin Ligeri
39Wheaton Ave.
Rehoboth, MA 02769

/s/ Jeffrey S. Michaelson