UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BENJAMIN LIGERI | : | |
| | : | |
| v. | : | C.A. No. 07-207ML |
| | : | |
| STATE OF RHODE ISLAND, | : | |
| CRANSTON POLICE DEPARTMENT, | : | |
| CRANSTON POLICE OFFICER #419 | : | |
| and CRANSTON POLICE OFFICER | : | |
| #432 | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

**I. Background**

Plaintiff Benjamin Ligeri, a resident of Rehoboth, Massachusetts, initiated this civil rights action in the District of Massachusetts on May 3, 2007. Plaintiff sues the State of Rhode Island, as well as the Cranston Police Department and two police officers for the City of Cranston identified only by badge number (collectively the "Cranston Defendants"). Plaintiff's Complaint contains a certification that it was "served via first class mail, postage prepaid" on Defendants[1] and notes that Plaintiff "will effect full legal service of the Complaint on Defendants, unless waived by Defendants, upon receiving the summonses back from th[e] Court." Document No. 1 at p. 8. Plaintiff has not filed either signed waivers of service under Fed. R. Civ. P. 4(d)(4) or proof of service under Fed. R. Civ. P. 4(1). The 120-day time limit for proper service has passed. Fed. R. Civ. P. 4(m).

[1] Plaintiff mailed the Complaint to the Cranston Defendants at the address of the Cranston Police Headquarters. He mailed the Complaint to the State of Rhode Island via the Office of the Secretary of State, although his claim seems to be against the Rhode Island Division of Motor Vehicles (the "DMV"). The DMV is a part of the Rhode Island Department of Revenue (R.I. Gen. Laws §§ 31-2-1 and 42-142-1(c)), and the Department of Revenue is part of the executive branch, and its Director is appointed by the Governor. R.I. Gen. Laws § 42-142-1. The DMV is not under the authority of the Office of the Secretary of State. See R.I. Gen. Laws § 42-8-1, et seq.

The State of Rhode Island has not appeared in this action, and there is no indication that it has been properly or timely served by Plaintiff.[2] The Cranston Defendants appeared through counsel in the Massachusetts action and moved to dismiss under Fed. R. Civ. P. 12(b)(1) (lack of personal jurisdiction) and 12(b)(3) (improper venue). On May 30, 2007, District Judge Douglas Woodlock held that the District of Massachusetts was an improper venue, and he exercised his discretion under 28 U.S.C. § 1406(a) to transfer the case to this District.

After transfer to this District, the Cranston Defendants again responded to Plaintiff's Complaint with a Motion to Dismiss. This Motion seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(4) (insufficiency of process), 12(b)(5) (insufficiency of service of process) and 12(b)(6) (failure to state a claim upon which relief can be granted). The Cranston Defendants also moved to strike paragraphs 14 and 15 from Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(f) as "immaterial, impertinent and scandalous." Currently pending before me for report and recommendation are the following motions:

1. The Cranston Defendants' Motion for Sanctions (Document No. 7);
2. Plaintiff's Motion for Sanctions (Document No. 8);
3. The Cranston Defendants' Motion to Dismiss and to Strike (Document No. 10);
4. Plaintiff's Motion to Settle or Facilitate Settlement of the Case in the Interests of the Public Trust (Document No. 12);
5. Plaintiff's Motion to Strike Cranston Defendants' Opposition to Plaintiff's Motion for Sanctions for Containing False Facts (Document No. 14); and
6. Plaintiff's Motion to Amend the Complaint (Document No. 15).

---

[2] In view of Plaintiff's failure serve the State of Rhode Island, either properly or timely, I recommend that the District Court sua sponte dismiss without prejudice Plaintiff's Complaint as to the State.

All of these Motions were argued at a hearing held before the Court on September 5, 2007. They are each discussed below.

**II. Facts**

The following facts are gleaned from Plaintiff's Complaint and must be taken as true for purposes of the Cranston Defendants' Motion under Fed. R. Civ. P. 12(b)(6). Plaintiff alleges that on two separate occasions during the past two years, he was pulled over on Park Avenue by Cranston Police Officers who "unlawfully detained him, unlawfully searched him, and assaulted him both times...." Document No. 1, ¶ 9. Plaintiff claims that the first incident occurred "approximately one and a half years ago," and he is unable to name or otherwise identify the two Cranston Police Officers involved in the traffic stop. Id., ¶ 10. The second incident allegedly occurred approximately six months thereafter and involved two unnamed male Cranston Police Officers (Badge Numbers 419 and 432). Id., ¶¶ 3, 4 and 12. Plaintiff contends that he was issued a speeding ticket for traveling forty miles per hour in a thirty-five mile per hour zone because he "opened his mouth" and "asserted his constitutional rights." Id., ¶ 12.

**III. Discussion**

**A. The Cranston Defendants' Motion for Sanctions (Document No. 7).**

The Cranston Defendants move for sanctions, including dismissal and attorneys' fees, under Fed. R. Civ. P. 11. In support, they argue (1) that there was no good faith legal basis for Plaintiff's initial filing of this case in Massachusetts; and (2) that Plaintiff's Complaint contains "numerous allegations of fact which appear, on their face, to be frivolous and lacking in evidentiary support." Document No. 7 at p. 4.

As to the venue issue, it is clear under 28 U.S.C. § 1391(b) that venue was not proper in Massachusetts. The Cranston Defendants challenged venue before Judge Woodlock but did not move for the imposition of sanctions. Judge Woodlock declined to dismiss Plaintiff's Complaint due to improper venue but rather determined that it was "in the interest of justice" under 28 U.S.C. § 1406(a) to transfer the case to Rhode Island. Judge Woodlock also did not sua sponte raise the issue of sanctions or otherwise criticize pro se Plaintiff's decision to initiate this case in Massachusetts. If the Cranston Defendants believed Plaintiff's filing in Massachusetts was sanctionable, they should have raised the issue of sanctions before Judge Woodlock who considered the issue of venue. Thus, I recommend that the District Court DENY the request for sanctions on this basis.

As to the factual basis for Plaintiff's Complaint, I agree with the Cranston Defendants that some of Plaintiff's allegations appear, on their face, to be "extravagant." For example, in paragraph 15 of his Complaint, Plaintiff alleges that:

> The gestapo tactics of the Cranston Police are known quite well by Cranston residents, especially those who live and travel on the "dreaded" Park Ave. in Cranston. Defendants have the Cranston streets and highways under effectual Martial Law and the Cranston citizenry under constant fear of the Police's gestapo tactics. Many citizens try to avoid traveling by the Cranston Police if they can, fearing a capricious pullover and potential assault for no reason. Plaintiff's voice additionally represents the voice of a Cranston citizenry either too frightened or too legally incapable or financially insolvent to litigate, so they "sit back and take it."

Plaintiff has agreed to remove this allegation from his Complaint and, at the hearing, described it as "a moment of excited utterance." Also, in paragraph 14 of his Complaint, Plaintiff alleges that "[s]everal officers (including officers involved in the first and second incident) of defendant Cranston Police Department clearly have severe emotional instabilities...and act as if they are

clinically schizophrenic...." At the hearing, when questioned by me as to the factual basis for this allegation as to "several officers," Plaintiff indicated that he "meant" only the Defendant officers. However, a common sense reading of the plain language of the Complaint is that is refers to a broader group of officers. Plaintiff responded that my reading that the allegation went beyond those officers was "technical." Plaintiff further stated that he had to "assume" the allegation in paragraph 14 as to the other officers. Although the factual basis for the hyperbole accompanying Plaintiff's factual allegations is questionable, the record has not been sufficiently developed to determine if such hyperbole is sanctionable under Fed. R. Civ. P. 11. Thus, I recommend that the Cranston Defendants' Motion for Sanctions as to lack of evidentiary support be DENIED without prejudice to renewal, if appropriate, on a more developed record.

**B. Plaintiff's Motion for Sanctions (Document No. 8).**

At the hearing, Plaintiff described his various pending motions as "defensive" in nature. His Motion for Sanctions is plainly a response to the Cranston Defendants' Motion for Sanctions. Plaintiff accuses the Cranston Defendants' counsel of "intentionally misquoting" his Complaint and Judge Woodlock's ruling. Document No. 8, p. 3. Plaintiff also accuses the Cranston Defendants of "fraudulently" describing certain of his allegations as frivolous. Id. at p. 4. Although I am recommending denial of the Cranston Defendants' Motion for Sanctions, as discussed above, I see absolutely no basis upon which to sanction the Cranston Defendants, or their attorney, for filing such Motion. Thus, I recommend that Plaintiff's Motion for Sanctions be DENIED.

**C. The Cranston Defendants' Motion to Dismiss and to Strike (Document No. 10)**

**1. Motion to Strike**

Under Rule 12(f), a party may move to strike "from any pleading any...redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is "designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." See 5C Charles Alan Wright and Arthur R. Miller, et al., Federal Practice and Procedure, § 1380 at 391 (3d. ed. 2004). Thus, a pleading that violates the principles of Rule 8 may be struck "within the sound discretion of the court." Newman v. Massachusetts, 115 F.R.D. 341, 343 (D. Mass. 1987). That discretionary power, however, should be exercised cautiously. "Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." Wright & Miller, supra, at 394; see also Boreri v. Fiat S.P.A., 763 F.2d 17, 23 (1st Cir. 1985) ("[S]uch motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.").

The Cranston Defendants move to strike paragraphs 14 and 15 from Plaintiff's Complaint. At the hearing, Plaintiff indicated that he had no objection to striking paragraph 15 and described it as an "excited utterance." Plaintiff objects to striking paragraph 14 and argues that it is supported by his excessive force allegations. Paragraph 14 alleges, in part, that "[s]everal officers (including officers involved in the first and second incident) of defendant Cranston Police Department clearly have severe emotional instabilities...and act as if they are clinically schizophrenic...." Plaintiff's lay opinion as to the mental health of "several officers" of the Cranston Police Department, including those referenced in the Complaint, is simply immaterial and impertinent to his underlying civil rights claims. Thus, I recommend that the Cranston Defendants' Motion to Strike paragraphs 14 and 15

of Plaintiff's Complaint be GRANTED and that Plaintiff be directed to file an Amended Complaint that eliminates paragraphs 14 and 15.

**2. Motion to Dismiss**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995). The Court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Arruda, 310 F.3d at 18 ("[W]e will affirm a Rule 12(b)(6) dismissal only if 'the factual averments do not justify recovery on some theory adumbrated in the complaint.'").

The Cranston Defendants first argue that Plaintiff's Complaint should be dismissed as to the Cranston Police Department because it is not an entity that has the legal capacity to be sued. Cranston has a Home Rule Charter which provides for a "Department of Police" as one of the "safety services" divisions of City Government. See Cranston Home Rule Charter, § 9.01. For the

following reasons, I agree that the Cranston Police Department is not a proper Defendant in this case and recommend its dismissal.

In Zendran v. Providence Police Dep't, C.A. No. 04-455ML (D.R.I. October 5, 2005) (Memorandum and Order dismissing Complaint), Chief Judge Lisi considered the issue of whether the Providence Police Department was a proper defendant in a civil rights action brought under 42 U.S.C. § 1983. Like Cranston, Providence operates under a Home Rule Charter which established a police department as an arm of City Government. Judge Lisi concluded that the Providence Police Department was not an "independent legal entity" subject to suit as a "person" under 42 U.S.C. § 1983. Judge Lisi explained her reasoning as follows, and I recommend that she apply the same reasoning in this case and dismiss Plaintiff's Complaint as to the Cranston Police Department:

> In the instant case, the question hangs on whether police departments, as municipal subdivisions, constitute "persons" for the purpose § 1983 suits. Municipalities themselves have long been held to be "persons" under § 1983. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690-91 (1978); Sarro v. Cornell Corr., Inc., 248 F. Supp. 2d 52, 63 (D.R.I. 2003). The First Circuit has not directly addressed the question of a police department's status since Monell. Courts in other circuits have almost unanimously found police departments to be outside of § 1983's definition of "person." E.g., Padilla v. Twp. of Cherry Hill, 110 Fed. Appx. 272, 278 (3rd Cir. 2004) (holding police department was merely an arm of the township, and thus, was not subject to suit under § 1983); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992); Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991), cert. denied, 502 U.S. 1032 (1992); Nicholson v. Lenczewski, 356 F. Supp. 2d 157, 164 (D. Conn. 2005); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825-26 (D.N.J. 1993) (citing cases to support statement that courts considering this issue have unanimously concluded that municipal police departments are not proper defendants in § 1983 actions). But see Chin v. City of Baltimore, 241 F. Supp. 2d 546, 548 (D. Md. 2003) (holding that, though a state agency, Baltimore City Police Department was connected with city government to such an extent as to prevent assertion of Eleventh Amendment immunity, and therefore Department was a "person" subject to suit under § 1983).

See Zendran v. Providence Police Dep't, C.A. No. 04-455ML (D.R.I. October 5, 2005) (Memorandum and Order at p. 4). Based on Zendran, I recommend that the Cranston Defendants' Motion to Dismiss be GRANTED as to the Cranston Police Department.

The Cranston Defendants also move to dismiss Plaintiff's Complaint as to the individual police officers. The only officers identified as Defendants are two male officers whose badge numbers are 419 and 432. There are no other officers properly named or identified as Defendants. See Fed. R. Civ. P. 10(a). The Cranston Defendants contend that Officers 419 and 432 have not been properly served. However, the Cranston Defendants have waived any challenge to service as to Officers 419 and 432. See, e.g., Church of Scientology v. Linberg, 529 F. Supp. 945, 967 (C.D. Cal. 1981).

On May 23, 2007, the Cranston Defendants moved, in the District of Massachusetts under Fed. R. Civ. P. 12, to dismiss Plaintiff's Complaint as to all Defendants including Officers 419 and 432. The Cranston Defendants did not challenge any aspect of service in that Motion. Rather, the Motion only challenged personal jurisdiction and venue. Under Fed. R. Civ. P. 12(g), "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted,...." (emphasis added). This Rule "contemplates the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." 5C Charles Alan Wright and Arthur R. Miller, et al., Federal Practice and Procedure, § 1384 at 479. It is intended to prevent "piecemeal" presentation of defenses. Id. Further, Rule 12(h)(1) expressly provides that the defenses of "insufficiency of process" and "insufficiency of service of process" are "waived...if

omitted" from an initial Rule 12 motion to dismiss. See Gov't of Virgin Islands v. Sun Island Car Rentals, Inc., 819 F.2d 430, 433 (3rd Cir. 1987) ("defective service of process is waived if it is not challenged in the first defensive pleading"). Since the challenges to service presently before the Court were "available" to Officers 419 and 432 and not presented in their initial Rule 12 Motion to Dismiss, they are waived.

The Cranston Defendants next argue that Plaintiff's Complaint fails to adequately identify the individual Officer Defendants. The only two individual Defendants identified in the Complaint are Cranston Police Officers 419 and 432. They are identified only by badge number and gender. Although the Cranston Defendants concede that use of badge numbers is "not as amorphous as the frequently used designation of a Defendant as 'John Doe,'" they argue that "naming" the officers by badge number is "legally deficient." Document No. 10 at p. 6. The Cranston Defendants do not, however, cite to any case law directly supporting this argument. Plaintiff contends that badge numbers are "a form of identification much more reliable than names" because officers can share the same name but not the same badge number. Document 13 at p. 4. Further, he indicates that he intends to request the names of Officers 419 and 432 in discovery. Id.

Plaintiff is correct. He would be entitled to obtain the names of Officers 419 and 432 in discovery. See Perrelli v. City of East Haven, No. 3:02 CV 0008 GLG, 2004 WL 1202718 (D. Conn. May 28, 2004) (courts generally allow § 1983 complaints against "John Doe" police officers to stand while a plaintiff seeks their real names through discovery). It is unclear why he has not yet done so. Although some courts have provided assistance to pro se litigants in identifying defendants in civil rights cases, see Valentin v. Dinkins, 121 F.3d 72 (2nd Cir. 1997) (per curiam); and Bolden v. NYC Police Dep't, No. 07-CV-0057 (BMC), 2007 WL 1202775 (E.D.N.Y. April 19, 2007), these

cases usually involve incarcerated plaintiffs or plaintiffs facing some other substantial obstacle in identifying defendants. Plaintiff is not incarcerated and has shown an ability to file numerous motions and objections with the Court. He appears fully able to serve an interrogatory on the Cranston Defendants' counsel pursuant to Fed. R. Civ. P. 33 seeking the names of Officers 419 and 432. Thus, I see no basis in this case for the Court to assist Plaintiff in this search or to order sua sponte the disclosure of the names to Plaintiff.

The Cranston Defendants also argue that the traffic stop of Plaintiff cannot support a civil rights claim because Plaintiff has conceded that he was speeding. They also argue that Plaintiff does not allege any facts supporting a First Amendment claim against Officer 432.

Plaintiff's Complaint is not a model of clarity. It is not organized into separate counts as required by Fed. R. Civ. P. 10(b) and does not clearly indicate which legal claims are brought against which Defendants. Instead of counts, Plaintiff's legal claims are essentially lumped together in three broad paragraphs. Plaintiff alleges in paragraphs 5, 6 and 7 of his Complaint as follows:

> 5. Numerous times, Defendants have infringed Plaintiff's Constitutional Rights, including, but not limited to, Plaintiff's First and Fourteenth Amendment Rights to free speech, to assemble peaceably and travel freely; Plaintiff's Fourth and Fourteenth Amendment Rights to be free from unlawful search and seizure; and Plaintiff's Fifth and Fourteenth Amendment Rights to due process of law.
>
> 6. Defendants have assaulted Plaintiff and caused injury to his person.
>
> 7. Defendants have unlawfully detained and arrested Plaintiff without cause and without charges, in violation of Plaintiff's Constitutional Rights as well as State and Federal Law.

As to the incident involving Officers 419 and 432, the facts alleged by Plaintiff are fairly straight-forward when you separate the wheat from the chafe. He claims he was pulled over in a

traffic stop on Park Avenue by Officers 419 and 432. He states that the Officers asked for his license and registration and that Officer 419 became upset when he asked him "for a reason" for the stop. Plaintiff alleges that Officer 419 then "yank[ed]" him out of the car, assaulted him and searched him. Plaintiff next alleges that he was "thrown in the back seat of [the] police cruiser." Document No. 1, ¶ 12. Plaintiff's Complaint does not specify who put him in the cruiser and does not indicate how long he was seated in the cruiser. Plaintiff alleges that Officers 419 and 432 allowed him to return to his car after Plaintiff's brother told the Officers that Plaintiff "will probably sue for having his rights infringed...." Id. Finally, Plaintiff alleges that Officer 432 told him that "he does not give people tickets for going 40 in a 35, but is giving Plaintiff one because Plaintiff 'opened his mouth' and asserted his constitutional rights...." Id. Plaintiff alleges that he asked the Officers the "reason" for the traffic stop but does not specify anything else he said to Officers 419 and 432 during the stop and alleged assault. Id.

Applying the standard of review under Fed. R. Civ. P. 12(b)(6) and the law under 42 U.S.C. § 1983, I have reached the following conclusions as to the claims set forth in Plaintiff's Complaint. First, Plaintiff has not properly stated a claim as to the initial traffic stop. Plaintiff has not alleged that he was initially stopped by Officers 419 and 432 for any pretextual or unlawful reason. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). Plaintiff has conceded that he was exceeding the speed limit and did not contest the speeding ticket. Thus, the initial stop of Plaintiff's car was justified and does not state a Fourth Amendment claim. See United States v. Awer, No. CR 06-61S, 2007 WL 172258 at *2 (D.R.I. Jan. 23, 2007).

Plaintiff does, however, state a claim that Officer 419 utilized excessive force and that the alleged forcible removal of him from the car and placement in the rear seat of the cruiser constituted a de facto arrest by Officers 419 and 432 without probable cause in violation of the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395-398 (1989) (objectively unreasonable use of force by police violates Fourth Amendment's prohibition against unreasonable seizures); and United States v. Acosta-Colon, 157 F.3d 9, 14 (1st Cir. 1998) ("an investigatory stop constitutes a de facto arrest [requiring probable cause] when a reasonable man in the suspect's position would have understood his situation...to be tantamount to being under arrest") (internal quotations omitted). See also United States v. Richardson, 949 F.2d 851, 856 (6th Cir. 1991) (police placement of suspect in back seat of unmarked police car converted Terry stop into a de facto arrest). It should be noted that I am offering no opinion as to the ultimate evidentiary weight of these claims. However, construing the Complaint in the light most favorable to Plaintiff and accepting his allegations as true, Plaintiff's Fourth Amendment claims of excessive force and unlawful arrest are not subject to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

The Cranston Defendants also move for dismissal of Plaintiff's First Amendment claim. Although Plaintiff's Complaint is not a model of clarity, he appears to allege a First Amendment retaliation claim against Officer 432. In particular, he asserts that Officer 432 issued a speeding ticket to him "because [he] 'opened his mouth' – and asserted his constitutional rights – an unlawful means for ticketing." Document No. 1, ¶ 12. The Cranston Defendants argue that this allegation does not state a claim because Plaintiff admits he was speeding and did not contest the ticket. Document No. 10 at pp. 8-9.

The Cranston Defendants' Memorandum of Law devotes less than two pages (double-spaced) to this claim and does not cite to a single case. The Cranston Defendants make no attempt to address the legal sufficiency of a First Amendment retaliation claim based on the facts alleged by Plaintiff. Rather, they argue that although Plaintiff alleged he was "punished by receiving a ticket for 'opening his mouth,'" "[h]e does not allege that he was deprived of any right to speak as he saw fit." Document No. 10 at p. 8. The Cranston Defendants' argument does not directly address the factual or legal sufficiency of Plaintiff's First Amendment retaliation claim, and is far from sufficient to meet their burden under Fed. R. Civ. P. 12(b)(6). See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

In Tatro v. Kervin, 41 F.3d 9, 18 (1st Cir. 1994), the First Circuit opined on the standard of proof in a § 1983 action alleging First Amendment violations by a police officer. It held that the plaintiff in such a case "need only show that the officer's intent or desire to curb the [protected] expression was the determining or motivating factor in making the arrest, in the sense that the officer would not have made the arrest 'but for' that determining factor." Id.[3] (emphasis in original). Thus, the First Circuit has recognized the validity of a First Amendment retaliatory arrest case. See also Abrams v. Walker, 307 F.3d 650, 654 (7th Cir. 2002) ("In order to establish a prima facie case of First Amendment retaliation, a plaintiff must demonstrate that (1) his conduct was constitutionally protected, and (2) his conduct was a 'substantial factor' or 'motivating factor' in the defendant's challenged actions").

---

[3] The First Amendment claim tried to the jury in Tatro was that plaintiff was arrested in part because of his statement, "I can't believe this is happening." 41 F.3d at 18.

The Cranston Defendants also neglect to address the application to this case of the Supreme Court's holding in Hartman v. Moore, 547 U.S. 250, 255-56 (2006), that a plaintiff in a § 1983 retaliatory prosecution claim must prove a lack of probable cause. In Hrichak v. Kennebec County Sheriff, No. 06-59-B-W, 2007 WL 1229404 (D. Me. April 24, 2007), the District Court considered the question of whether the Hartman probable cause rule extended to a claim of First Amendment retaliatory arrest. The Court noted that the First Circuit had not yet addressed the question and that there is currently a Circuit split on the question. Id. at *7 (collecting cases). The Cranston Defendants have simply not sufficiently addressed any of the legal issues arising out of Plaintiff's First Amendment retaliation claim. An additional complicating issue is that Plaintiff's claim is one for a retaliatory ticket rather than a retaliatory arrest or criminal prosecution.

The bottom line is that the Cranston Defendants have not adequately briefed the issue and thus have not met their burden under Fed. R. Civ. P. 12(b)(6) of demonstrating a failure to state a claim. See Bangura v. Hansen, 434 F.3d 487, 497 (6th Cir. 2006) ("[t]he Federal Rules of Civil Procedure place the burden on the moving party to demonstrate that the plaintiff failed to state a claim for relief."). Accordingly, I recommend that the Cranston Defendants' Motion to Dismiss Plaintiff's First Amendment claim be DENIED as not properly supported.

**D. Plaintiff's Motion to Settle (Document No. 12).**

As I indicated to Plaintiff at the hearing, there is no legal basis for his Motion to Settle. Plaintiff also gives the Court "permission" to interpret his Motion as one for Summary Judgment. Even if I was inclined to convert Plaintiff's Motion, it is not properly supported pursuant to Fed. R. Civ. P. 56 and LR Cv 56 and would be denied in any event. Thus, I recommend that Plaintiff's Motion to Settle be DENIED.

**E. Plaintiff's Motion to Strike (Document No. 14).**

Plaintiff moves to Strike the Cranston Defendants' Opposition to his Motion for Sanctions as a "scandalous matter," pursuant to Fed. R. Civ. P. 12(f), "for containing false facts and assertions that counsel knows to be false." Document No. 14 at p. 1. This is another one of Plaintiff's so-called "defensive" motions. Plaintiff has not shown the existence of any "scandalous" material warranting an order to strike under Fed. R. Civ. P. 12(f). Plaintiff's Motion is akin to a reply brief in which he expresses his disagreement with the arguments made by the Cranston Defendants' counsel. Plaintiff's Motion to Strike is unsupported. Thus, I recommend that it be DENIED.

**F. Plaintiff's Motion to Amend the Complaint (Document No. 15).**

Plaintiff's Motion to Amend is deficient in two respects. First, the Motion is not accompanied by a separate, supporting memorandum as required by LR Cv 7(a) and 15(b). Second, the Motion is not accompanied by Plaintiff's proposed Amended Complaint as required by LR Cv 15(a). Thus, I recommend that Plaintiff's Motion to Amend the Complaint be DENIED without prejudice to refiling, in accordance with the Court's Local Rules.

**IV. Conclusion**

For the foregoing reasons, I recommend that the District Court:

1. DENY the Cranston Defendants' Motion for Sanctions (Document No. 7) with prejudice as to the venue issue and without prejudice as to the factual basis issue;

2. DENY Plaintiff's Motion for Sanctions (Document No. 8);

3. GRANT the Cranston Defendants' Motion to Strike (Document No. 10) paragraphs 14 and 15 of Plaintiff's Complaint; and GRANT in part and DENY in part the Cranston Defendants' Motion to Dismiss (Document No. 10) - DISMISSING Plaintiff's Complaint as to the

Cranston Police Department and, as specified in Section III(C)(2) above, permitting Plaintiff's Fourth Amendment excessive force and unlawful arrest claims, and First Amendment retaliation claim to proceed as to the individual Defendants;

4. DENY Plaintiff's Motion to Settle (Document No. 12);

5. DENY Plaintiff's Motion to Strike (Document No. 14);

6. DENY without prejudice Plaintiff's Motion to Amend (Document No. 15); and

7. DISMISS sua sponte Plaintiff's Complaint without prejudice as to Defendant State of Rhode Island under Fed. R. Civ. P. 4(m).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 24, 2007