UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BENJAMIN LIGERI, Plaintiff, | ) | |
| v. | ) | C.A. No. 1:07-CV-00207-ML-LDA |
| STATE OF RHODE ISLAND, CRANSTON POLICE DEPARTMENT, CRANSTON POLICE OFFICER #419 and CRANSTON POLICE OFFICER #432, Defendants. | ) | |

ANSWER OF CRANSTON POLICE OFFICER #419
AND CRANSTON POLICE OFFICER #432

Now come Cranston Police Officers #419 and #432 (collectively referred to as "CPOs") and Answer the Complaint in this matter, according to the numbered paragraphs, as follows:

1. CPOs do not have sufficient information to admit or deny the allegations of this paragraph. To the extent that any allegation in this paragraph could support liability on the part of CPOs, such allegations are denied.

2. There is no paragraph 2 in the Complaint.

3. Denied as stated. Admitted that Cranston Police Officer #419 is a male law enforcement officer for the Cranston Police.

4. Denied as stated. Admitted that Cranston Police Officer #432 is a male law enforcement officer for the Cranston Police.

5. Denied.

6. Denied.

7. Denied.

8. CPOs do not have sufficient information to admit or deny the allegations of this paragraph. To the extent that any allegation in this paragraph could support liability on the part of CPOs, such allegations are denied. However, upon information and belief, Plaintiff was pulled over, in Cranston, on the single occasion from which claims in the suit are proceeding pursuant to

the Court's October 18, 2007 Memorandum and Order adopting the Report and Recommendation dated September 24, 2007.

9. Denied as stated. Admitted that, with respect to the one stop at issue in this suit, Plaintiff was pulled over by Cranston Police. Otherwise denied.

10. To the best of CPOs' knowledge, the incident set forth in this paragraph is not currently at issue in this suit by virtue of various Court Rulings. Therefore, CPOs do not respond to this paragraph. However, to the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

11. To the best of CPOs' knowledge, the incident set forth in this paragraph is not currently at issue of this suit by virtue of various Court Rulings. Therefore, CPOs do not respond to this paragraph. However, to the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

12. Denied as stated. Admitted that Plaintiff was pulled over by Cranston Police. Admitted that during this stop, CPOs, or each of them, undertook routine and appropriate police measures given the facts and circumstances as they existed. Denied that CPOs engaged in any improper actions. To the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

13. Denied that Plaintiff was assaulted. CPOs do not have sufficient information to admit or deny the remaining allegations of this paragraph. To the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

14. This paragraph has been stricken by the Court. However, to the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

15. This paragraph has been stricken by the Court. However, to the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

16(a). CPOs do not have sufficient information to admit or deny the allegations of this paragraph. To the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

16(b). CPOs do not have sufficient information to admit or deny the allegations of this paragraph. To the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

16(c). CPOs do not have sufficient information to admit or deny the allegations of this paragraph. To the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

16(d). CPOs do not have sufficient information to admit or deny the allegations of this paragraph. To the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

16(e). The allegations in this paragraph appear to relate to an intended Defendant, who has now been dismissed, other than CPOs. Therefore, CPOs do not respond to this paragraph. However, to the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

17. This paragraph makes no allegation of fact to which a response is required. To the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

18. This paragraph makes no allegation of fact to which a response is required. To the extent that any allegation in this paragraph could establish or support liability on the part of CPOs, such allegations are denied.

## PRAYER FOR RELIEF

Denied that Plaintiff is entitled to the relief sought.

## FIRST AFFIRMATIVE DEFENSE

Cranston Police Officer #419 and Cranston Police Officer #432 plead absolute and qualified immunity as a bar to the Complaint.

## SECOND AFFIRMATIVE DEFENSE

Cranston Police Officer #419 and Cranston Police Officer #432 plead all forms of statutory and common law immunity as a bar to the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Cranston Police Officer #419 and Cranston Police Officer #432 plead the public duty doctrine as a bar to the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Cranston Police Officer #419 and Cranston Police Officer #432 plead the statutory cap on damages as a bar or restriction on some of the damages claimed in this matter, if any.

FIFTH AFFIRMATIVE DEFENSE

Cranston Police Officer #419 and Cranston Police Officer #432 plead the statute of limitations as a bar or restriction on some or all of the claims in this matter.

SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief may granted.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the equitable doctrines of estoppel, waiver and/or unclean hands.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of his injuries, if any.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were the foreseeable result of his own actions.

TENTH AFFIRMATIVE DEFENSE

Even if Plaintiff's rights were violated, as alleged, which allegations are specifically denied, Plaintiff suffered no damages as a result of any such deprivation.

Respectfully submitted,
Cranston Police Officer #419 and
Cranston Police Officer #432,
by their attorney,

Date: November 2, 2007

/s/Jeffrey S. Michaelson

Jeffrey S. Michaelson (# 3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served, by first class mail, postage prepaid, upon the following person the __2____ day of __November_______, 2007:

Benjamin Ligeri
39 Wheaton Ave.
Rehoboth, MA 02769

_____/s/Jeffrey S. Michaelson___________