UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

November 8, 2007

**NOTICE**

Benjamin Ligeri, Pro Se
Jeffrey S. Michaelson, Esq.

**RE: CA07-207ML Benjamin Ligeri v. State of Rhode Island, et al.**

Dear Counsel:

A pretrial conference regarding the above case will be held on **November 19, 2007** at **2:00 pm**. In order to facilitate an informed discussion of the merits of the case and the prospects for settlement, Plaintiff(s) counsel shall contact Defendant(s) counsel prior to that time for the following purposes:

1. Exchanging relevant information and documents.
2. Identifying the facts that are in dispute.
3. Identifying the legal issues.
4. Identifying as precisely as possible the nature of the discovery contemplated by each party.
5. Exploring the possibility of settlement before substantial expenditures of time and money are made.
6. Determining whether this case is candidate for referral to ADR.

**In addition, at the time of the conference, counsel for each party asserting a claim (including a counterclaim and/or cross claim) shall deliver to the Court a written statement enumerating the elements that must be proved to sustain such claim together with citations to the relevant authorities upon which counsel relies.**

**Lead trial counsel (and local counsel, if any) are required to attend the conference.**

COUNSEL ARE INSTRUCTED TO NOTIFY THE UNDERSIGNED CLERKS IMMEDIATELY IF COUNSEL FOR ANY PARTY HAS BEEN OMITTED FROM THE LIST OF COUNSEL RECEIVING THIS NOTICE.

**Counsel shall be prepared to inform the court whether they desire referral to the ADR Administrator or Conference with Magistrate Judge.**

Sincerely,

LINCOLN D. ALMOND
U.S. Magistrate Judge
BY: Jeannine Noel
Jeannine Noel, Deputy Clerk - 752-7217

**ADR INFORMATION SUMMARY**
**United States District Court**
**District of Rhode Island**

**INTRODUCTION:** The United States District Court for the District of Rhode Island provides this Information Summary as an overview of the Court's Alternative Dispute Resolution Program (hereafter "ADR Program"). The ADR Program came about as part of the Civil Justice Reform Act of 1990[1] and was included as part of this Court's Civil Justice Reform Act Expense and Delay Reduction Plan[2] (hereafter "the Plan"). The Plan was adopted by the Court on November 18, 1993 and was amended on February 8, 1995. The Plan is designed to give litigants early access to a wide range of approved alternative dispute resolution methods, including: Arbitration, Early Neutral Evaluation, Mandatory Mediation Settlement Conferencing (in most cases litigants and their counsel appear before a United States Magistrate Judge), Mediation, and Summary Jury/Bench Trial.

The Program seeks to encourage mutually satisfactory resolution of disputes. Referral usually occurs in the pre-trial phase of litigation, though litigants may seek Court approval of referral to ADR at any time short of trial. Use of ADR may result in significant savings to litigants in terms of time and moneys that would otherwise be dedicated to the pursuit of pending litigation. Participation in ADR in many instances may also results in increased litigant satisfaction, as well as, more efficient use of judicial and private resources. **[Note: Referral to ADR does not constitute a waiver of any requirements established by statute, local rule, order or procedures mandated by law or this Court.]**

[1] 28 U.S.C. § 471 et seq.

[2] District of Rhode Island Civil Justice Reform Act Expense and Delay Reduction Plan (Misc. Order No. 104)

Revised 4/4/ 2000
BBM

**CASES SUBJECT TO ADR:** All civil cases filed (except those specifically exempted by the assigned district judge, or upon Application of the parties to the Court requesting exemption, or by Order of this Court) are submitted to Mandatory Mediation Settlement Conferencing before a judicial officer within 120 days of a responsive pleading to the Complaint or a Motion to Dismiss pursuant to Rule 12(b) (whichever is filed first), **unless the parties elect to participate voluntarily in an approved ADR option** offered by the Court.

**DEFINITIONS:**

1. **"Arbitration"** is a non-binding, adjudicative process in which a neutral (Arbitrator) hears arguments from both plaintiff and defendant and based upon evidence presented renders a decision in the form of an award.

2. **"Early Neutral Evaluation" (ENE)** is a non-binding process involving a neutral evaluator who meets with the parties (in most cases early in the pre-trial phase of litigation). The neutral provides litigants with an evaluation of the strengths and weaknesses of both plaintiff's and defendant's claims or defenses; provides an assessment of damages, including the perceived value of the case, and may offer his or her opinion of what the likely outcome might be if parties fail to reach a negotiated settlement and proceed to litigate their case to verdict or decision.

3. **"Mandatory/Voluntary Mediation Settlement Conference"** [3] is a non-binding settlement process involving a judicial officer (in most cases a United States Magistrate Judge), who works with the parties and their counsel to identify issues, promote settlement dialogue and, if possible, resolve the dispute in a mutually acceptable way. The fundamental goal of this process is to help the parties overcome obstacles to effective negotiation and settlement.

4. **"Mediation"** is a voluntary, non-binding process in which the parties, with the help of a neutral (mediator), are aided in the negotiation process by the mediator assisting litigants in dispute resolution problem solving. Mediators may aid the parties in identifying underlying interests, generate settlement options and assist the parties in achieving mutually acceptable means for addressing disputed interests. The focus in mediation is on the pragmatic needs of parties and problem solving and is less concerned with positional-based negotiation or bargaining.

---

[3] If the case type filed is not exempt from ADR referral or the litigants have not made Application to the Court to have their case exempted from ADR referral, or the Court has otherwise not granted an exemption from ADR referral, cases are submitted to a Mediation Settlement Conference before a judicial officer within 120 days of a responsive pleading to the Complaint or a Motion to Dismiss pursuant to Rule 12(b)(whichever is filed first) **unless the parties elect to participate voluntarily in an approved ADR option, this may include choosing Mediation Settlement Conferencing as an option**.

5. **"Summary Jury/Bench Trial"** is a non-binding process in which the parties present an abbreviated version of their respective cases to a mock jury or before a judicial officer. In a Summary Jury Trial, the parties use the decision of the jury and information about the jurors' reactions to the parties' legal and factual arguments as an aid to settlement. A summary Bench Trial works in the same way, except there is no jury.

**PANEL OF NEUTRALS:** The Court has established and maintains an approved list of certified panel neutrals consisting of individuals whose education, experience, training and character qualify them to act as neutrals in one or more of the ADR options provided by the Court. Magistrate Judges presiding over Mandatory/Voluntary Mediation Settlement Conferences or in the case of the ADR Administrator, acting in the capacity of Mediator or Early Neutral Evaluator, receive no additional compensation beyond their salaried earnings for their ADR services.

All other ADR Panel Members serving as neutrals receive **no compensation for the first hour** of their service. Thereafter, the parties are equally responsible for a neutral's compensation at a rate agreed to by the parties, **but not to exceed $150 per hour**.

**REQUIREMENT TO MEET AND CONFER REGARDING REFERRAL TO ADR:** If the parties have yet to make a decision regarding ADR referral prior to a scheduled Rule 16(b) Conference, prior to attending the Conference, both sides must confer with one another regarding possible referral of the case to the Court's ADR Program. Persons attending the Rule 16(b) Conference are required to inform the Court either prior to or at the Rule 16(b) Conference, the parties desires relative to ADR referral.

**PROCESS OF REFERRAL TO ADR:** Litigants interested in referral to ADR prior to a scheduled Rule 16 (b) Conference are instructed to contact the ADR Administrator. Otherwise, upon the Court advising the ADR Administrator of the parties interest in referral, or upon the Court notifying the ADR Administrator that it has referred the case to ADR, a mutually convenient time will be arranged for both sides (or their counsel) involved in the litigation to meet with the ADR Administrator to discuss the following: (1) Possible referral of the case to the Court's ADR Program; (2) facts and issues in the case; (3) Obstacles to Settlement; (4) the ADR method most likely to be of value to the parties in resolving their dispute, and (5) Selection of an ADR Panel Neutral. If parties have been defaulted to or have elected Mediation Settlement Conference before a judicial officer, the Court will schedule and notice on the mediation. Litigants may request referral to ADR at any time during the pre-trial phase of litigation, subject to the approval of the Court.

**FOR ADDITIONAL INFORMATION PLEASE WRITE, E-MAIL OR CALL:** Berry B. Mitchell, ADR Administrator/Mediator- Early Neutral Evaluator, United States District Court, District of Rhode Island, 2 Exchange Terrace, Room 110, Providence, RI 02903: (401) 752-7229 • Fax: (401) 752-7255 or E-mail: Berry_Mitchell@rid.uscourts.gov